There were two actions. The first was brought by Ellen P. Jones, widow of William H. Jones, deceased, for dower, against William Jones and others, before the clerk, and carried up to the Judge of the Superior Court by appeal, upon an issue of law raised by the defendant William Jones, to the effect that the sheriff's deeds, under which the decedent, W.H. Jones, claimed the land in controversy, were drawn for the entire interest of William Jones, the defendant in the executions, when, in fact, the sheriff at the time of the sale, publicly announced that he only sold the excess after allowing the said Jones his homestead, and prayed that the deed might be reformed.
The second action pending, was one brought by William Jones, the defendant, against Ellen P. Jones, the widow, and H.H. Jones, the only heir-at-law of the said William H. Jones, to have the sheriff's deeds reformed in the particulars and for the reason above set forth in his answer to the petition for dower, insisting that W.H. Jones acquired only a life estate by the sale of the sheriff, and the widow was not entitled to dower.
(112) At Fall Term, 1883, Avery, Judge, made an order that the two cases be consolidated and continued.
At special Term, 1884, William Jones asked that No. 2 should be first tried. The Court ordered the trial to proceed under the order of consolidation, to which William Jones excepted. Ellen P. Jones put in evidence two deeds from Isaac Pipkin, sheriff of Hertford County, one dated April, 10th, 1869, and the other August 10th 1869, which were registered, the former purporting to convey the locus in quo absolutely to W.H. Jones, deceased, and the defendant John E. Jones, as tenants in common in fee, and the latter purporting to convey the locus in quo to James L. Anderson in fee. The said Ellen then introduced a deed from J.L. Anderson, dated October 7th, 1870, which was registered properly, purporting to convey thelocus in quo to W.H. Jones, deceased, and John E. Jones, as tenants in common, in fee.
Isaac Pipkin was examined on behalf of William Jones, and testified that he sold the land in question under an execution. "I think the homestead of William Jones was not sold. I put it up subject to the homestead. I made that announcement. I have no recollection of making but one sale, and at that sale William H. Jones and John E. Jones were the purchasers."
The witness was then asked to examine the deed book, in which was recorded the deeds of April 10th, and August 10th, and refresh his memory thereby, and then state his recollection as to the number of times he had sold the land. Ellen P. Jones objected, first because witness had not asked to be permitted to refresh his memory; second, the paper tendered was incompetent for that purpose. The Court ruled a *Page 119 
register's book incompetent to refresh his memory, and William Jones excepted.
The following issues were submitted to the jury, to-wit:
(1) Was William H. Jones, the husband of the plaintiff Ellen P. Jones, seized and possessed of the Askew tract of land, mentioned in the pleadings, during his coverture with the petitioner Ellen P. Jones?
(2) Was W.H. Jones seized and possessed of the William Jones tract of land mentioned in the pleadings, during his (113) coverture with the said Ellen P. Jones?
To each of which issues the jury responded in the affirmative, and there was judgment accordingly in favor of the plaintiff, from which the defendants appealed to the Supreme Court.
All of the exceptions taken by the defendant on trial, were abandoned in this Court, except those taken to the ruling of the Court in consolidating the two actions; and refusing to allow the witness Pipkin to refresh his recollection as to the number of times he sold the land, by reference to the register's book in which his deeds were recorded.
We think the exception to the ruling of consolidation came too late. It was at Fall Term, 1883, that the order was made by the Court to consolidate the two cases. No exception was then taken to the ruling, but the defendant, by his silence, is presumed to have acquiesced in the order.
At the Special Term, 1884, the defendant William Jones, asked that No. 2 — his action against the plaintiff Ellen P. Jones and others — should be tried first. The Court refused the motion, and ordered the trial to proceed under the order of consolidation, made at Fall Term, 1883, to which the defendant William Jones excepted.
It will be noticed that there was no exception to the order of consolidation, but only to the order in which the two consolidated cases should be tried. But this exception was abandoned in this Court, for the defendant abandoned all exceptions except that to the order ofconsolidation, and the ruling in the matter of refreshing the memory of the witness. After the actions were consolidated, it was a matter entirely in the discretion of the Judge, which order should be observed on the trial, and his ruling in that respect is not reviewable. (114)
We think as the defendant W.H. Jones acquiesced in the order of consolidation at the time it was made, and when even at the time, he made no objection to the order, but only to the manner in *Page 120 
which the two should be consolidated, he waived his objection to the order, and cannot be allowed to take it for the first time in this Court. In the ruling of the Court upon this point there was no error.
Nor do we think there was any error upon the other point. It is well settled that the best evidence the case admits of shall be offered. In this case, the two deeds executed by the witness Pipkin, as sheriff, the one to J. E. Jones and W.H. Jones, and the other to James L. Anderson, bearing his signature, were in evidence and before the Court. A reference to these deeds was certainly the best means of refreshing his memory. Why, then, resort to the register's book, which was only a copy of the deed? Was it admissible? In Starkie on Evidence, 181, it is held, "whether the writing be used merely as an instrument for restoring the recollection of a fact, or be offered to be read as containing a true account of particulars entirely forgotten, it must, in conformity with the general principles of evidence, be the best for the purpose the case admits of;" and in the case of Burton v. Plummer, 2 A. E., 348, (29 E.C.L. Rep.), it was held, that "the copy of an entry, not made by the witness contemporaneously, does not seem admissible for the purpose of refreshing a witness's memory. The rule is, that the best evidence must be produced, and the rule appears to be applicable, whether the paper be produced as evidence in itself, or to be used merely to refresh the memory." This decision, which was made by Justice PATTERSON, is referred to with approval by Taylor in his work on Evidence, Sec. 1265.
The register's book was no doubt admissible as evidence in the cause, upon the question of title, but it was not the best evidence for the purpose for which it was offered, i. e. to refresh the recollection (115) of the witness. The original deed having the signature of the witness, for that purpose was certainly the best evidence. We are, therefore, of the opinion, there was no error in the ruling of the Court upon that point.
The judgment of the Superior Court is therefore affirmed.
No error. Affirmed.
Cited: Blount v. Sawyer, 189 N.C. 211. *Page 121