Manly, J.
 

 The rule for consolidation, which is the subject of this appeal, is erroneous There are several reasons why it is so.
 

 The notes in suit, originated at different times, were due at different times; two of them are due to the plaintiff in his own right; two as the guardian of one family of children, and three as the guardian of another. With this diversity of claim, it is probable the matter of defense, if there be any, is different, and consequently, the replication and proof in each, will be different.
 

 To compel a consolidation, under such circumstances, would not be in accordance with any practice in the courts of North Carolina, or elsewhere, that we are aware of.
 

 
 *268
 
 In the case of
 
 Thompson
 
 v. Shepherd, 9 Johns. Rep. 262, it was adjudged in the Supreme Court of New York, that a consolidation rule, moved for under precisely similar circumstances, was improper. And the Court, prescribing a guide, in such cases, says, that to prevent oppression by an unnecessary accumulation of costs, a consolidation may be ordered when separate suits are brought upon notes or contracts made
 
 at the same
 
 time, and which might have been united in one action, and when
 
 the defense is the scam
 
 in all.
 

 There is another reason arising out of the particular laws of this State, why a consolidation of small claims, subject to the jurisdiction of a justice of the peace, should not be compelled. The stay of execution is not the same, and the rights of the plaintiff might, in that way, be injuriously affected; for if a court of record may consolidate, we suppose a justice of the peace may.
 

 The order below, for the costs of the cases to be paid by the , plaintiff, is without any warrant of law. The utmost powmr of the Court, in a case, proper for consolidation, is to direct
 
 the costs of the rule
 
 to be paid by plaintiff, and the general costs should be allowed to abide the issue, subject to such discretionary powers as are vested in the Court by statute.
 

 This opinion must be certified to the Superior Court of Bladen, to the end that the rule appealed from, may be reversed, and that the cases may be proceeded in according to law.
 

 Per Curiam,
 

 Judgment reversed.