H. & E. HARTMAN & CO. v. RICHARD P. SPIERS.

*Practice—Consolidation of Causes.*

It is error to consolidate cases which are essentially different and the parties in each are not the same. Cases in which consolidation may be ordered, stated by SMITH, C. J.

(*Buie* v. *Kelly*, 7 Jones, 266; *Jones* v. *Com'rs*, 85 N. C., 278, cited and approved.)

APPEAL by plaintiffs from an order made at Spring Term, 1882, of HALIFAX Superior Court, by *Bennett, J.*

*Messrs. R. O. Burton, Jr.,* and *Gilliam & Whitaker,* for plaintiffs.

*Messrs. Hill, Batchelor, Peebles,* and *Mullen & Moore,* for defendants.

SMITH, C. J.   The sheriff of Halifax, having in his hands two executions issued on judgments recovered before a justice of the peace of the county by the plaintiffs, against the defendant, and docketed in the superior court on December 21, 1880, proceeded to appoint appraisers to designate and allot to the defendant his homestead in land proposed to be sold.   The appraisers accordingly valued and laid off as such homestead a portion of a lot in the town of Weldon belonging to the defendant, and which he had theretofore conveyed in three successive deeds in trust, with all the other lands, (except a part of lot number 2, in said town, which at the time was supposed by the defendant, as by others, to be included in the conveyances aforesaid) to secure debts.

The sheriff then sold the residue of the lands from which the homestead portion was taken, and with the report of the action of the appraisers made return of the sale upon his execution to the succeeding term of the court.   All the encumbered lands have been sold under the deeds and the proceeds have not been sufficient to discharge the secured debts, and the assigned homestead has been lost.   The defendant protested against the allotment and undertook to appeal from the action of the appraisers to the board of county commissioners, but his appeal was not entertained for want of jurisdiction, and from this decision he asked an appeal to the superior court, but no transcript was sent up.

These are in substance the facts stated in the defendant's

application to the judge of the superior court for a writ of *certiorari* directed to the county commissioners, for a transcript of the proceedings, which having been awarded, they have been certified and sent up. This cause was thereupon ordered to be consolidated with an action pending in the same court prosecuted by R. O. Burton against this defendant and one Clark for the recovery of lands purchased under execution, and from this judgment of His Honor the appeal is taken by Hartman & Co.

We think there was error in this ruling, and the cases were not such as to warrant the consolidation of them. The actions are essentially unlike, and the parties in each not the same. In the one, the object is to annul and set aside the allotment of the homestead as illegally made, with a view to another allotment in the unencumbered land; in the other, the purpose of the suit is the recovery of land claimed by the plaintiff as purchaser at an execution sale, and the title is contested by the defendants, one of them alleging himself to be the owner.

The cases in which, under the practice, consolidation may be ordered seem to arrange themselves into three classes:

1. Where the plaintiff might have united all his causes of action in one suit, and has brought several, and these causes of action must be in one and the same right and a common defence is set up to all. *Buie* v. *Kelly,* 7 Jones, 266.

2. Where separate suits are instituted by different creditors to subject the same debtor's estate. *Campbell's case,* 2 Blan. (Md.), 209.

3. Where the same plaintiff sues different defendants, each of whom defends on the same grounds and the same question is involved in each. *Jackson* v. *Schouler,* 4 Cowen (N. Y.), 78.

These may not embrace all the cases, but they serve to illustrate the rule by which the court is governed in ordering such union.

This cause was never rightfully before the county commissioners, since the appellate jurisdiction given to the township trustees by the act of 1868–'69 (Bat. Rev., ch. 55, § 20) is not transferred to the county commisssioners by the act of 1876–'77, ch. 14, as is decided in *Jones* v. *Commissioners,* 85 N. C., 278.

While the point is not presented, as to the remedy for a creditor or debtor dissatisfied with the allotment when not made in accordance with law, it would seem from the directions of section 4 of the act, that the appraisers' report shall accompany the return of the execution, be filed by the clerk with the judgment roll in the action, and a minute thereof entered on the docket, and that it becomes a record in that court, subject to a motion to set aside when made in a reasonable time, since the setting aside may involve a setting aside the sale under execution of the unallotted part of the land, and the restoration of parties to their antecedent status. We make the suggestion merely leaving the question open for decision when it may properly be presented.

The order of consolidation is reversed and this will be certified to the superior court of Halifax.

   Error.                                      Reversed.