LOOKOUT LUMBER COMPANY v. F. T. SANFORD et al.

*Sub-contractor's Lien—Enforcement—Consolidation of Actions.*

1. Where a party had obtained in this Court an affirmance of a judgment establishing his sub-contractor's lien against the owner of a building, but the cause was remanded for the reason that the contractor was not a party, and the plaintiff thereupon brought another action in which the contractor was made a party defendant: *Held*, that the two actions were properly consolidated by the Court below.

2. Where, in an action against the owner of a building and the contractor by a sub-contractor to enforce his lien, the contractor admits his liability to plaintiff, and the owner of the building does not resist the judgment adjudicating the lien and ordering its enforcement, the defendant contractor has no right to object to the judgment because the satisfaction of the debt which he admits he owes to the sub-contractor is imposed upon his co-defendant, the owner of the building.

3. The fact that a sub-contractor sought in one action to enforce his lien against the owner of the building without joining the contractor cannot estop the plaintiff from recovering a judgment against the contractor in another action in which the latter and the owner of the building are parties.

CIVIL ACTION, heard at Fall Term, 1892, of McDOWELL Superior Court, before *Armfield, J.*

His Honor gave judgment for the plaintiff against the defendant Sanford for $2,774.91, and declared the same to be a lien upon the lot and buildings thereon belonging to the defendant Marion Hotel and Belt Railway Company.

From this judgment defendant Sanford appealed.

The facts necessary to an understanding of the decision are sufficiently stated in the opinion of Associate Justice BURWELL and in the report of the case of same plaintiff against Marion Hotel and Belt Railway Company, 109 N. C., 658.

*Mr. J. C. L. Bird,* for plaintiff.

*Messrs. Cobb & Merrimon,* for defendant Sanford (appellant).

BURWELL, J.: When this cause was before the Court at September Term, 1891 (109 N. C., 658), it was determined that the plaintiff had a valid lien on the property of the defendant hotel company, described in the complaint, for the sum due to it from the contractor, F. T. Sanford, for

materials furnished to him and used in the construction of buildings on the lot of said defendant.

In the opinion then filed Chief Justice MERRIMON said: "We think, however, that the contractor, Sanford, should have been made a party defendant, so that the plaintiff might have obtained judgment for its claim against him as well as the defendant. He is the principal debtor, and the plaintiff must establish his claim against him. This it has not done and cannot do until he shall be brought before the Court in a proper way, and have his day in Court. He might be able to allege and prove that the plaintiff's claim is unfounded, that he had paid it in whole or in part, or make other defence, and thus avoid the lien. He should have been and must yet be made a party and have opportunity to make defence. To that end let this opinion be certified to the Superior Court."

On December 16, 1891, the plaintiff issued a summons from the Superior Court of McDowell County, returnable to Spring Term, against the hotel company, F. T. Sanford, M. E. Sanford, J. T. Dysart, trustee, and the Marion Manufacturing and Improvement Company, and in the complaint filed in that action the plaintiff, among other allegations, averred (section 2) that the defendant F. T. Sanford owed it, "on account of said manufactured lumber, doors, sash, etc., the sum of $2,511.29, with interest thereon from the 10th day of December 1890," and (section 5) "that on the 11th day of August, 1891, the plaintiff commenced a proceeding to enforce its lien upon said land and the unfinished hotel thereon in the Superior Court of McDowell County, and at Fall Term, 1891, recovered judgment to enforce the same, from which judgment the said Marion Hotel and Belt Railway Company appealed to the Supreme Court, which declared the rights of the plaintiff under the lien, but held that defendant F. T. Sanford, being the principal debtor,

42—Vol. 112

must be brought into court and have his day therein, and the plaintiff must establish its claim against him. This action has been commenced in aid of the proceedings to enforce the plaintiff's lien in obedience to the rulings of the Supreme Court, and is intended to be joined and consolidated with said proceeding."

At Spring Term, 1892, of the Superior Court of McDowell County, on motion of plaintiff's counsel, the action was "consolidated with and joined to" the cause first instituted by plaintiff (109 N. C., 658), and the plaintiff entered a *nolle prosequi* against M. E. Sanford, J. S. Dysart, trustee, and the Marion Manufacturing and Improvement Company. We think the consolidation of these two actions was entirely proper. The cause of action—against the contractor for the debt, and against the owner to enforce the lien in satisfaction of the debt when adjudged—should have been united in one suit. The exception of defendant Sanford to the order consolidating the actions cannot be sustained. *Hartman* v. *Spiers*, 87 N. C., 28.

The answer of the defendant Sanford, the contractor, expressly admits the truth of the second allegation of the complaint, to-wit, that he is indebted to the plaintiff as averred. Upon this admission the plaintiff was certainly entitled to a judgment against him for the debt, and the contractor's liability to the subcontractor, the plaintiff, being thus established, it only remained for his Honor to direct that the lien claimed by the plaintiff and declared valid by the former decision of this Court should be enforced against the property of the defendant hotel company. From this judgment the hotel company has not appealed, recognizing, it seems, that having been notified on December 10, 1890, of this liability of the contractor to the subcontractor for materials, when it owed the contractor a sum far in excess of the amount sued for in this action, its property, in which

plaintiff's materials were used, is liable therefor under the statute and the decisions of this Court.

But the defendant Sanford, the contractor, having admitted his indebtedness to plaintiff, objects to the judgment, not because it establishes his liability to plaintiff, but because that liability of his is imposed upon the property of his co-defendant, and he makes the following assignments of error:

"1. That his Honor erred in finding that any sufficient mechanic's or material man's lien had been filed according to law.

"2. That his Honor erred in not holding that the plaintiff's right of action was barred by the statute of limitations.

"3. That his Honor erred in not holding that the plaintiff was estopped by his former action from setting up any claim in this."

And an able argument has been made here by his counsel against the validity and enforcement of the lien. We do not deem it proper or necessary for us to determine the question presented for the reason that the hotel company, whose property (not the defendant's) is directed to be sold to satisfy the contractor's liability for materials, has taken no exception. There is no contention on the part of any one that the debt is barred. It cannot be seriously contended that plaintiff is estopped to recover a judgment against the defendant contractor for its claim against him, because it sought to enforce its lien without making him a party defendant. The cause was remanded from this Court to the Superior Court in order that the liability of the principal debtor (the contractor), if any, might be fixed, and that then that liability, if adjudged to exist, and not paid off by him, might be satisfied by an enforcement of the lien claimed by the plaintiff, the regularity and validity

of which were adjudged by this Court at the former hearing of this cause upon the record then presented, which adjudication seems to have been satisfactory to the defendant hotel company, for from his Honor's judgment directing that that lien shall be enforced it does not appeal.

No Error.