L. O. MARTIN v. SEABOARD AIR LINE RAILWAY COMPANY
AND CHARLOTTE ELECTRIC RAILWAY COMPANY.

(Filed 29 May, 1908.)

1. **Pleadings—Joint Cause Alleged—Consolidation.**
    It was not error in the lower court to consolidate two suits brought by the plaintiff against two distinct railway companies, when the injury complained of is alleged in the complaint to have arisen from the failure of each defendant to adopt, promulgate and enforce together a reasonably safe system and rules regulating the approach of their engines and cars at a crossing of their tracks for the protection of their passengers thereat, thus rendering the condition of the passengers extra hazardous.

2. **Same—Negligence—Defenses—Proximate Cause—Single Liability.**
    When each of the complaints in two separate suits against two distinct corporations alleges a joint cause of action upon the question of negligence as to both, it is no valid objection, under our Code practice, to an order consolidating them that either the one or the other defendant may be found solely liable on the trial, owing to some act or omission to act being the proximate cause of the injury.

3. **Same—Issues.**
    In an action for damages alleged to have arisen from the joint negligence of two defendant railroad companies, caused by a collision at a crossing of their tracks, where either one or the other may or may not be held liable under the doctrine of proximate cause, the court should submit appropriate issues directed to the several phases of the pleadings, and for greater certainty may in his discretion submit other pertinent questions to the jury as allowed by the statute.

ORDER consolidating two causes, made by *Moore, J.,* at March Term, 1908, of MECKLENBURG.

The plaintiff sued defendant companies for damages sustained by a collision had between the engine of the railway company and the car of the Charlotte Electric Railway and Power Company at a point in the city of Charlotte at the intersection of North Brevard Street, alleging negligence in several respects. Plaintiff also sued the electric and power company for damages sustained at the same time and in the same collision, alleging negligence on the part of said defend-

ant in several respects.  Among other grounds of liability plaintiff urged in his complaint against the power company that the defendant negligently failed to adopt, promulgate and enforce a reasonably safe system and rules for the operation of its cars at crossings with other railroads, particularly the Seaboard Air Line Railway Company, and by reason thereof the said crossing was rendered extra hazardous; that the defendant failed to have any agreement with the Seaboard Air Line Railway Company as to their cars crossing the crossing when they arrived there at the same time or about the same time, and had no rule with each other as to which car or cars on the different tracks at the said crossing should have precedence; that the defendant negligently failed to adopt, promulgate and enforce a reasonably safe system as to the speed of its cars just prior to reaching the said crossing, and negligently allowed and permitted and required its motormen to run its said cars at or about the said crossing in such a manner as to make it extra hazardous in the operation of the said cars thereat.  The same allegations were made in the complaint against the railway company, varying the names of the defendants as applicable to each case.  His Honor, upon motion of plaintiff, ordered a consolidation of the cases.  Defendant Seaboard Air Line Railway Company excepted and appealed. .

*Brevard Nixon, J. D. McCall* and *J. F. Newell* for plaintiff.

*J. D. Shaw* and *Stewart & McRae* for defendants.

CONNOR, J., after stating the facts: While it must be conceded that a number of alleged negligent acts and omissions are made against each defendant, for which the other is in nowise responsible, the collision resulting in the injury—that is, the impact—was caused by the engine and street car coming together at the crossing.  The plaintiff alleges, among other omissions of duty, the failure of the two corporations

to establish and maintain rules regulating their conduct in approaching the crossing. This duty, if any existed, was joint. One party could not establish joint rules without the assent of the other. If, as alleged, and for the purpose of this motion taken to be true, a joint duty was imposed upon defendants, and they failed to discharge such duty, they would each be guilty of negligence, and if such negligence was the proximate cause of the collision they would both be liable. If, on the contrary, there was a common breach of duty, and, notwithstanding such breach, the conduct of one, either by positive action or omission to act at and before the collision, was the proximate cause of the injury, the other might be acquitted of liability. These and many other questions discussed in the briefs are interesting and not easy of solution. We deem it unwise to discuss them at this time. They may or may not arise upon the verdict. It is always best to avoid discussing questions not presented by the verdict of the jury, found by a referee or admitted by demurrer. It is urged, and probably will be found true upon the trial, that it will be difficult to form issues or give instructions to the jury presenting clearly each and every phase of the litigation. This is one of the objections to the Code system of procedure, but it has many compensating advantages over the common-law systems in which the jury could find only a general verdict. Issues may, by a judge with learning and experience, aided by counsel equally so, be so drawn that all controverted questions of fact will be presented and settled, enabling the court to declare the law and the relative rights and liabilities of the parties. We do not think that a demurrer could be sustained if the plaintiff had sued the defendants jointly. It is held that, in an action for personal injuries, the corporation may be joined with its employee. It may be and frequently is the case that the allegations include negligence of the former in regard to defects of the machinery, and the latter in regard to the manner in which it is operated. In

such cases the court submits issues directed to the several phases of the pleadings, and for greater certainty may in its discretion submit questions to the jury. Clark's Code, 390; *Quarles v. Jenkins,* 98 N. C., 258. Without intimating any opinion in regard to the merits of the controversy or the liability of either of the defendants, we are of the opinion that there is no error in the order of consolidation. The fact that one of the defendants had not answered is immaterial. The order is based upon the allegations in the complaints. There is

No Error.