J. E. WILDER v. A. W. GREENE, AND A. W. GREENE v. J. E. WILDER.

(Filed 27 September, 1916.)

**Actions—Consolidation—Courts—Appeal and Error.**

> Two causes of action, alike in their facts and the issues involved, may be consolidated by the trial judge, where it can be done without serious prejudice to the parties, the effect being to save time and unnecessary expense and prevent confusion and conflict in the verdicts; and in this case, it appearing that each member of a partnership has, in separate actions, brought suit for a dissolution thereof and asking for the appointment of a receiver, upon a disagreement among themselves, it is held that the order of the court consolidating the causes was proper. As to whether the exercise by the court of this power was discretionary and unreviewable, *quære.*

CIVIL ACTIONS, from HERTFORD, for the dissolution and settlement of a copartnership, heard before *Winston, J.,* on 1 August, 1916, at Winton, N. C., on motions for an injunction and receiver.

The parties formed a partnership on 1 January, 1916, which was conducted until 20 July, 1916, when, disagreeing among themselves as to its management, the plaintiff J. E. Wilder commenced an action against A. W. Greene on that day for the purpose of having it dissolved and a receiver appointed, and on 22 July, 1916, the defendant in that

action, A. W. Greene, commenced his action against J. E. Wilder for a similar purpose. Complaints were filed in both actions and verified, and in the latter action, *Greene v. Wilder,* the court appointed a temporary receiver and restrained Wilder from interfering with the business or assets of the partnership until 1 August, 1916, when a motion for a permanent receiver would be heard. J. E. Wilder, on 20 July, 1916, had caused to be served upon A. W. Greene a notice that on 1 August, 1916, he would apply to the same judge for the appointment of a permanent receiver for the same purpose. When the matter came on to be heard, the court consolidated the two actions, dissolved the partnership at the request of the parties, and then appointed permanent receivers of the partnership property, when J. E. Wilder excepted and appealed.

*R. C. Bridger* for appellant.
*J. H. Matthews* for appellee.

WALKER, J., after stating the case: The real question presented by this appeal is whether the court had the power to consolidate the actions. It is one that is often required in order that different suits, alike in their facts and the issues involved, may be brought together in one trial, where it can be done without serious prejudice to the parties, as it will save time and unnecessary expense, and may prevent confusion and conflict in verdicts, if the actions were tried separately. *Sumner v. Staton,* 151 N. C., 203. The power has frequently been exercised with the strong approval of the courts. *Glenn v. Bank,* 70 N. C., 192; *Morrison v. Baker,* 81 N. C., 76, and *Hartman v. Spiers,* 87 N. C., 28, where *Smith, C. J.,* states the cases in which, under the general practice, consolidation may be ordered, though the enumeration by him does not embrace all such cases. It has been intimated that the exercise of the power is discretionary, *Glenn v. Bank, supra; Sumner v. Staton, supra;* 4 Enc. of Pl. and Pr., 688; but we do not decide how this is. It is said in 4 Enc. of Pl. and Pr. at p. 689: "A court of equity has power to consolidate actions, with or without the consent of the complainant. It is a power over the conduct of suitors, resting upon the clearest principles and absolutely essential to prevent scandalous abuses and to protect defendants against gross oppression." See, also, *Castle v. Castle,* 69 W. Va., 400; *Cooper v. Bowen,* 140 Ga., 45. Whether the exercise of the power be discretionary and unreviewable, or, though it clearly exists, is subject to revision by appeal, there was no abuse of it here, and the result will, therefore, be the same in either case. The judge acted wisely in consolidating the two actions, as they are substantially alike and the plaintiffs in them seek the same relief.

There is nothing in the other question raised, as there are no facts to be found in the record which support the contention of appellant.

The signature to the complaint of appellee was evidently an inadvertence, and it was stated on the argument before us and not denied that dissolution of the law firm had taken place before any motion in the cause had been made. But apart from all this, nothing has been done that violates the rights of either party, and the order was a matter of course, as it granted the relief which both parties were demanding.

No error.