LUMBERMAN'S MUTUAL INSURANCE COMPANY v. SOUTHERN RAIL- WAY COMPANY AND NORFOLK SOUTHERN RAILWAY COMPANY.

(Filed 3 March, 1920.)

1. Pleadings—Demurrer—Actions—Consideration.

Where the judge sustains a demurrer to the complaint and dismisses the action for the lack of necessary parties who have pending in the same court separate actions against the same defendant involving substantially the same subject-matter, and thereupon properly grants the plaintiff's motion to consolidate all of these actions into one action, the granting of the motion to consolidate overrules the demurrer, and renders immate- rial the question as to whether the demurrer was properly overruled, and under the circumstances of this case it is *Held,* that it was not necessary to dismiss the first action upon overruling the demurrer.

**2. Actions—Consideration—Parties—Multiplicity of Suits—Statutes—Insurance, Fire—Equity.**

Several insurance companies issued policies of fire insurance in various amounts on the owner's property, which was destroyed by fire set out by a railroad company, and each of the companies paid off its respective loss and all of them then brought several actions against the railroad company alleging negligence. The first action coming on for trial, the judge granted plaintiff's motion to consolidate all the actions, to bring in the owner of the destroyed building as a necessary party, and to allow amendments to the several complaints to meet the change from separate actions to the form of the consolidated one: *Held,* the general principles as to the law of negligence being the same in each of the actions, the motion for consolidation was properly allowed, with permission to amend the pleadings, under the provisions of our statutes to have all matters of controversy settled in one action, when it can be done without prejudice to the rights of any of the parties, or to a fair and full trial and consideration of the case. Rev., 409 to 414, inclusive, and 469.

**3. Pleadings—Amendments—Cause of Action.**

Amendments by the court to the complaint, and the bringing in of new parties, which merely broadens the scope of the action so as to take in the whole controversy for its settlement in one action, and made without substantial change in the action as originally constituted, do not change the original cause, but are within the contemplation of our statute, and may be allowed by the court. Rev., 414.

**4. Insurance, Fire—Damages—Subrogation—Statutes—Equity.**

Where the insurer against loss by fire has paid the loss to the owner of the building destroyed by the actionable negligence of another, the insurer is subrogated to the rights of the owner, both in equity and under the statutory form of the policy, Rev., 4760, and may maintain his action against the tort feasor and recover the amount he has so paid, covered by the policy contract; and the owner is a proper party thereto as the holder of the legal title, through whom the right of the insurer is to be enforced.

CIVIL ACTION, heard on appeal from *Connor, J.,* at the November Term, 1919, of WAYNE.

This case is one of five separate actions brought by insurance companies to recover the total sum of $14,339.36, which was paid by them to the Griffin Manufacturing Company for loss of property destroyed on 1 April, 1917, by the negligence of the defendants, with interest from said date. The first case, that of the Lumbermen's Mutual Insurance Company, is for the recovery of $3,000, a part of the entire loss, the other plaintiffs having paid different amounts, which, together with the amount paid by the plaintiff, make up this total of $14,339.36. The complaint alleged that the entire total damage amounted to some $15,000 or $20,000. None of the cases has ever been tried on its merits, and the first case is in this Court upon an objection by the defendant to the

court's order of amendment, as to parties and cause of action, which equally affects all the actions.

This case was brought to the October Term, 1917, of Wayne Superior Court, and complaint was filed 5 October, 1917. The Southern Railway Company filed answer 7 February, 1918, and the Norfolk Southern Railroad Company on 16 April, 1918. Both pleadings denied the allega- . tions of the complaint, and otherwise answered to the merits of the case, and neither set up any objection on the ground of defect of parties. The cause was calendared for trial several times, but was continued from time to time for one side or the other. It having been postponed at August Term, 1919, for the plaintiff, the defendants insisted that the plaintiff pay the cost amounting to a large sum, which was ordered to be done. At November Term, 1919, the case was continued for the defendant, Norfolk Southern Railroad Company, no terms being imposed. After the case was continued the defendants entered a demurrer *ore tenus* to the complaint on the ground that since the complaint alleged the total value of the property destroyed by them to be over $15,000, and the plaintiff sought to recover only $3,000 as an insurer of the destroyed plant, that the plaintiff could not maintain a separate action. The plaintiff replied that the defect was one of parties plaintiff, and had been waived by the defendants when they filed answers to the merits of the case, without filing a written demurrer or setting up the objection in their answer. The court sustained the demurrer, and, immediately upon the court's announcement of its opinion, the plaintiff submitted a motion in writing to consolidate the five separate suits of the insurance companies, to make the A. T. Griffin Manufacturing Company party, and to allow the plaintiffs in the consolidated litigation leave to file amendments to their complaints, stating the total amount of loss and damage sustained by each plaintiff. In its discretion, the court allowed this motion. All this took place at one time on the same day in the courthouse at Goldsboro, during one and the same term of court. The plaintiff in this case, and the four other insurance companies, and the A. T. Griffin Manufacturing Company, the insured, have all joined in an amended complaint, which was filed 13 January, 1920, adopting and consolidating the former complaints. The insured, the A. T. Griffin Manufacturing Company, disclaims any recovery for itself, except that through it the insurance companies be reimbursed.

Both sides having reserved exceptions, the defendants appealed from the order of consolidation, and the plaintiff appealed from the decision of the judge sustaining the demurrer. It was stated on the argument here that if the defendants do not prosecute their appeal, or if they are not successful therein, the plaintiff will not press its appeal, which was taken only for its protection against a large bill of cost. The court

sustained the demurrer *ore tenus,* and dismissed the action, but, at the same term, allowed the plaintiff's motion to amend and to make new parties, and to consolidate the five pending actions, and from these orders the appeal was taken.

*Battle & Winslow, D. C. Humphrey, and Kenneth C. Royal for plaintiff.*

*J. L. Barham, L. I. Moore, and A. C. Davis for defendants.*

WALKER, J., after stating the facts as above: The judge sustained the demurrer and dismissed the action, but immediately allowed a motion by the plaintiff in the action to amend the same in the following particulars: First. To consolidate with this one four other actions, pending in the same court, and brought by the other insurance companies for the several amounts of insurance paid respectively by them. Second. To make the A. T. Griffin Manufacturing Company a party plaintiff to the consolidated actions. Third. To amend the complaint as to the total amount of loss, and the several amounts constituting the same, and to permit the Griffin Manufacturing Company to disclaim any further interest in the matter, it being assignor for value of the insurance company, and holding the legal title to the fund in the nature of a trustee for them. This motion, embracing all of the proposed amendments, was granted by the court, and the defendant excepted. It was not necessary to dismiss the action under the circumstances, but this is not material, as the judge, by allowing the motion of the plaintiff, virtually annulled that part of the judgment, or rather his subsequent order granting the motion was tantamount to striking out that part of the former judgment, and left none of it, except that part merely sustaining the demurrer. When the latter was sustained, whether rightly or wrongly, we will not now inquire, as it was proper to allow the amendments, and this overruled the demurrer.

The consolidation of the several actions was proper. One, and the main, object of our present procedure was to have all matters of controversy settled in one action, when this can be done without prejudice to the rights of any of the parties or to a fair and full trial and consideration of the case. Ample provision is made for accomplishing this purpose, Rev., secs. 409 to 414, both inclusive, and sec. 469.

The actionable injury done in this case was the destruction of the property of the Griffin Manufacturing Company, which was insured by some of the plaintiffs. They had to pay the loss thereon under their policies, and did so, and they now sue the same defendants to recover back what they had to pay, and to the extent they had to pay, the only difference between their several claims being one of form and not of

substance, and, as now appears, that difference consists only in the amounts due to each of them, which vary somewhat, leaving the general principle upon which they seek to recover common to all of them.

The rule governing consolidation of actions has been stated by this Court in a general way, and it was said in *Hartman v. Spiers,* 87 N. C., 28, that the cases in which, under the practice, consolidation may be ordered, seem to arrange themselves into three classes:

1. Where the plaintiff might have united all his causes of action into one suit, and has brought several, and these causes of action must be in one and the same right, and a common defense is set up to all. *Buie v. Kelly,* 52 N. C., 266.

2. Where separate suits are instituted by different creditors to subject the same debtor's estate. *Campbell's case,* 2 Blan. (Md.), 209.

3. Where the same plaintiff sues different defendants, each of whom defends on the same ground, and the same question is involved in each. *Jackson v. Schouler,* 4 Cowen (N. Y.), 78.

These may not embrace all the cases, but they serve to illustrate the rule by which the court is governed in ordering such union.

We held in *Blackburn v. Ins. Co.,* 116 N. C., 821, that the court could consolidate several actions brought on concurrent policies of insurance relating to the same property, and in *Monroe Bros. v. Lewald,* 107 N. C., 655, that where several proceedings in the nature of judgment creditors' bills are pending against the same defendant, and the same property is sought to be subjected, or where in either of such proceedings a receiver is appointed of property which is the subject of the other proceedings, the court may order that the same be consolidated, preserving the priorities acquired by the superior diligence of the various litigants. It subserves the interest of the defendants that there should be this consolidation. They are subjected to the trial of but one action and if they fail in their defense, and the plaintiff recover judgment, the costs will be greatly reduced. They cannot be embarrassed in their defenses, so far as we can now see, and the issue in this case will be substantially the same in form and substance as the issue in each of the actions pending if they were tried separately. If it turns out, in the development of the case, that the issues are not the same as to each of the plaintiffs, so that the trial in one action may prejudice the defendant, we do not say that the court may not exercise its discretion as to amendments or a division of the actions so as to remedy the objection, but upon the record as it now appears, no such difficulty seems likely to arise, and we cannot see why the defendants should object to the consolidation. The exception that the amendment essentially changes the original cause of action is not well taken. The gravamen is the same, and the amendment merely

broadens the scope of the action so as to take in the whole controversy for the settlement of it in one action according to the spirit and intent of our code system; and to bring into the controversy all parties having an interest therein, and necessary to its final settlement. It is provided by Revisal, sec. 414, that "where a complete determination of the controversy cannot be had without the presence of other parties, the court may cause them to be brought in." We have held that a cause of action may be enlarged or amplified by amendment without necessarily altering its essential nature, and thereby bringing the case within the rule allowing an amendment where a really new cause of action is not pleaded or set up. *Simpson v. Lumber Co.,* 133 N. C., 95, where we said that amendments which only amplify or enlarge the statement in the original complaint are not deemed to introduce a new cause of action, and the original statement of the cause of action may be narrowed, enlarged, or fortified in varying forms to meet the different aspects in which the pleader may anticipate its disclosure by the evidence. 1 Enc. Pl. and Pr., 557-562. It has been declared to be a fair test, in determining whether a new cause of action is alleged in an amendment, to inquire whether a recovery had upon the original complaint would be a bar to any recovery under the amended complaint (*ibid.,* 556); or whether the amendment could have been cumulated with the original allegations. *Richardson v. Fenner,* 10 La. Ann., 559. Under either test, if applied to this case, the amendment was properly allowed.

In suits founded on negligence, allegations of facts tending to establish the general acts of negligence may properly be added by amendment. 1 Enc. Pl. and Pr., 563; *R. R. v. Kitchin,* 83 Ga., 83. An amendment can be allowed under our law when it does not substantially change the claim or defense (The Code, sec. 273), and the statement of additional grounds of negligence is not necessarily the allegation of a new cause of action or a substantial change of the plaintiff's claim. Many illustrations are given in the books of this distinction between an enlargement and amplification in the statement of the original cause of action, and a radical change by amendment of the cause of action itself. But here there is no substantial change in the cause of action, the object being to subject the liability of the defendant for damage to the reimbursement of the plaintiff, to the extent that they have paid their insurance on the property, they being subrogated to the right of the manufacturing company, whose property was destroyed by fire, and who had been paid the amount of the loss secured by the policies. The amendment merely brings in other parties interested in this fund, and whose presence is necessary to a complete settlement of the controversy. This prevents the trial of numerous actions when the entire matter can be determined in one action. The object of consolidating two or more actions is to

avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay, and especially to save unnecessary cost or expense; in short, the attainment of justice with the least expense and vexation to the parties litigant. Consolidation, however, is improper, where the conduct of the cause will be embarrased, or complications or prejudice will result, which will injuriously affect the rights of a party. 8 Cyc., 591. In this case there is an identity of interest, as to the plaintiffs and the cause of action, and the subject-matter or questions involved. They are the same, or substantially so. The court therefore did not err in granting the motion.

The court was also right in joining the manufacturing company as a party. It had the legal title to the claim against the defendants for the destruction of the property, and when the plaintiffs paid the insurance they were subrogated equitably, at least, to its right against the defendants to the extent that they had paid the loss on the property destroyed. But the question is settled in *Chicago, St. Louis, and New Orleans Railroad Co. v. Pullman Company,* 139 U. S., 79 (35 L. Ed., 97), where it was held that if an insurance company pays a loss to the owner of the property, and such owner brings an action against a party liable for the loss to recover the value of the property, it is no defense to the action that it is brought for the joint benefit of the owner and the insurance company by agreement between them, where the insurance company is entitled, upon the payment of the loss, by the terms of the policy, or equitably, to be subrogated to the rights of the insured against the person liable for the loss. *The Propeller Monticello v. Mollison,* 17 How. U. S., 153 (15 L. Ed., 68). As appears from the case last cited, the right of subrogation continues to exist until the insured can show that he has made satisfaction to the party justly entitled to recover the damages. *Powell v. Water Co.,* 171 N. C., 290, is to the same effect. It was there held that where the property upon which there is insurance is destroyed or damaged by the wrongful act of another, the liability of the wrong-doer is primary, and that of the insurer secondary, not in order of time, but in order of ultimate liability; the right of action is for one indivisible wrong, and this abides in the insured, through whom the insurer must work out his rights upon payment of the insurance, he being subrogated to the rights of the insured upon payment being made. *Hall v. R. R.,* 80 U. S., 367; *R. R. v. Jurey,* 111 U. S., 595; *Phoenix Ins. Co. v. Erie, etc., Transp. Co.,* 117 U. S., 321; *R. R. v. Ins. Co.,* 139 U. S., 235. See, also, *Potter v. Lumber Co., ante,* 137.

And it is further said that the right of subrogation arises not out of the contract between the insured and the insurer, but has its origin in general principles of equity (14 Mod. Am. L., 159), and in this respect the standard form of policy, which has been adopted by legislative enact-

ment (Rev., 4760), in making provision for subrogation, is but declaratory of principles already existing, citing *Hall v. Railroad Co.,* 80 U. S., 367; *Railroad Co. v. Juery,* 111 U. S., 594; *Phoenix Ins. Co. v. Erie, etc., Transp. Co.,* 117 U. S., 321 (20 L. Ed., 873); *Railroad Co. v. Ins. Co.,* 139 U. S., 235. It is held in *Phoenix Ins. Co. v. Erie, etc., Transp. Co., supra,* that when goods injured are totally lost, actually or constructively, by perils insured against, the insurer, upon payment of the loss, doubtless becomes subrogated to all the assured's rights of action against third persons who have caused or are responsible for the loss. No express stipulation in the policy of insurance, or abandonment by the assured, is necessary to perfect the title of the insurer. From the very nature of the contract of insurance as a contract of indemnity, the insurer, when he has paid to the assured the amount of the indemnity agreed on between them, is entitled, by law of salvage, to the benefit of anything that may be received, either from the remnants of the goods, or from damages paid by third persons for the same loss. But the insurer stands in no relation of contract or of privity with such person. His title arises out of the contract of insurance, and is derived from the assured alone, and can only be enforced in the right of the latter. In the court of common law, it can only be asserted in his name; and even in a court of equity, or of admiralty, it can only be asserted in his right. In any form of remedy, the insurer can take nothing by subrogation but the rights of the assured.

Upon consideration of the whole case no error is found.

Defendant's appeal

Affirmed.

Plaintiff's appeal

Dismissed.