This is an action by an insurance company to recover the amount of the insurance paid by the plaintiff to the Elm City Lumber Company on account of loss by fire alleged to have been caused by the negligence of the defendant.
1. On 11 November, 1912, a fire occurred which destroyed lumber owned by the Elm City Lumber Company, amounting in value to upwards of $20,000.
2. On 3 December, 1914, the Elm City Lumber Company and N. McLaughlin commenced an action against the defendant, returnable to the January Term, 1915, the plaintiffs therein suing for $8,165.83, $4,971.12 of which was claimed by N. McLaughlin, and $3,194.71 by the Elm City Lumber Company. *Page 291 
3. At the January Term, 1917, during the trial of the McLaughlin-Elm City Lumber Company case, which is reported in 174 N.C. p. 182, the plaintiffs therein were allowed to file an amended complaint, in which is set up the amount of insurance which had been paid to the Elm City Lumber Company, to wit, $11,678.49, by several insurance companies; and the plaintiffs also, in said amended complaint of January, 1917, alleged that the total value of the lumber was a great deal in excess of $20,000, the total value of the lumber at the plant at the time of the burning being alleged to be greatly in excess of $22,000, and the unburned portion being alleged to be of the value of $2,009.15.
4. At said January Term, 1917, the Elm City Lumber Company recovered judgment against the defendant for $7,500, and after appeal to this Court (174 N.C. p. 182), where the judgment of the lower court was affirmed, the defendant paid said judgment in full.
5. At no time prior to the November Term, 1919, has the plaintiff sought any relief except through the medium of its independent action.
6. The summonses in this, and the other three insurance company cases, and in the Elm City Lumber Company case against this defendant, were all issued 3 December, 1914.
The actions by the other insurance companies were, like this, to recover insurance paid to Elm City Lumber Company.
At November Term, 1919, the plaintiff in this action moved to consolidate all of the actions by the insurance companies, alleging that in the action by the Elm City Lumber Company against the defendant no recovery was sought or had on account of the insurance paid, and that the damages assessed was the difference between the insurance and the value of the property.
The judge was of the opinion that he had no right to consolidate this case with the other three cases named, and refused to grant the motion made by plaintiff's counsel. The plaintiff excepted.
The defendant then moved to dismiss the action on the ground that the complaint does not state a cause of action in that from said complaint it appears:
1. That the title to the lumber destroyed by fire was in the Elm City Lumber Company.
2. That the amount of insurance which plaintiff paid to said Elm City Lumber Company on account of said lumber destroyed was $2,975.75.
3. That the value of the lumber destroyed was $20,000.
This motion was allowed, and the plaintiff excepted and appealed.
His Honor was in error in holding that he did not have power to consolidate the several actions brought by the insurance companies. SeeIns. Co. v. R. R., at this term, opinion by Walker, J., where the precise question is fully discussed and decided.
The same case also holds that the Elm City Lumber Company may be made a party, and that this would not change the character of the action.
If, however, the lumber company is not made a party, we are of opinion the consolidated action may be maintained, although the loss exceeds the insurance, if, as alleged, and so far not denied, the parties have in effect divided the action, and this follows naturally from the decision inPowell v. Water Co., 171 N.C. 290.
It was held in that case:
"1. That the right of action to recover damages from the wrongdoer is in the insured, and that this right of action is one and indivisible.
"2. That upon payment of the insurance the insurer is subrogated to the rights of the insured as against the wrongdoer.
"3. That if the insurance is equal to or exceeds the loss, this right of subrogation extends to the whole right of action in the insured, and operates as an equitable assignment, and the action may thereafter be prosecuted in the name of the insurer.
"4. That if the insurance is less than the total loss, the right of subrogation still exists; but as the right of action is indivisible, and as the insurer has only paid a part of the loss, and is not entitled to an assignment of the whole cause of action, the action must be prosecuted in the name of the insured.
"5. That a release by the insured does not extinguish the right of subrogation."
Also, that the insured is a trustee, first, for reimbursement of his own loss in excess of the insurance, and then for the insurer to the extent of the insurance paid, and the Court adds: "they (the authorities) also seem to establish the proposition that if the insurance is less than the loss, and the insured has settled the difference between the insurance and the total loss with the wrongdoer, leaving unsettled only the amount of damages, measured by the insurance, that the cause of action for this damage would be in the insurer, for the reason that the insured has parted with all beneficial interest in the right of action, and, while the cause of action was indivisible, it has been divided by the act of the parties."
This recognizes the principle that while the right of action in the insurer is one cause of action, and indivisible against the will of the parties, it can be divided by the agreement or act of the parties, and it is also true that the rule against the splitting of causes of action is for *Page 293 
the benefit of the defendant, for the purpose of protecting him against a multiplicity of suits and unnecessary expense and costs, and may be waived by him.
If so, and it is made to appear that the Elm City Lumber Company, the insured, brought its action to recover its damages in excess of the insurance, and on the same day the insurance companies commenced their actions against the same defendant to recover the amount of the insurance paid by them, thus dividing the action in so far as they were able to do, and the defendant, instead of objecting to this division of the action by plea or motion, answered to the merits, it must be held to have acquiesced in and to have assented to the course taken by the several plaintiffs.
In Fort v. Penny, 122 N.C. 232, in which objection was made in the Superior Court to dividing a cause of action in order that actions might be commenced before a justice of the peace, it was held: "If the proofs had shown as matter of fact that the two demands appearing in the two summonses were one and the same transaction, and therefore indivisible," the defendant must file plea in abatement, and upon failure to do so the objection was waived, and upon the same principle this action may be maintained.
Reversed.