MRS. DENA A. BLOUNT v. S. L. SAWYER, AND S. L. SAWYER v. W. D. MORRISON ET AL.

(Filed 25 February, 1925.)

**1. Courts—Actions—Consolidation—Torrens Law—Trespass—Injunction.**

　　The trial court has the authority to consolidate proceedings pending under the Torrens Law (C. S., 2377 et seq.), wherein the title to the lands was put in issue, and proceedings for injunction brought by separate action by the adverse party, wherein the same matters were put at issue.

**2. Same—Procedure—Burden of Proof.**

　　Where the trial judge has acted within his authority in consolidating proceedings to register title under the Torrens Law with an independent action to enjoin a trespass between the same parties involving the same subject-matter, objection that such consolidation would confuse the question as to which party had the burden of proof is untenable, being only an objection to the procedure.

APPEALS by S. L. Sawyer from *Sinclair* and *Cranmer, JJ.*, at October and December Terms, 1924, of BEAUFORT.

*W. C. Rodman and J. D. Paul for appellant.*

*H. C. Carter, Lindsay C. Warren and Small, MacLean & Rodman for appellees.*

STACY, J. On 18 July, 1921, S. L. Sawyer instituted a special proceeding in rem in the Superior Court of Beaufort County for the purpose of registering title to certain lands, situate in said county, under the "Torrens Law" (C. S., 2377 et seq.), description of which was duly set out in his petition. Mrs. Dena A. Blount and Mrs. R. H. Criffield, being two of the respondents in said proceeding, answered promptly, alleging ownership of certain lands, described by metes and bounds in their respective answers, and denying the petitioner's title to so much of their lands as was covered by his petition. The clerk made the usual order of reference to the "examiner of titles" as provided by C. S., 2387. This having been done, the appellant, S. L. Sawyer, without proceeding further before the examiner of titles to establish his title and boundaries as alleged in his petition, entered upon the lands claimed by Mrs. Dena A. Blount and began to cut the timber therefrom. Whereupon, on 5 October, 1921, Mrs. Blount instituted an action against S. L. Sawyer for trespass and obtained an injunction restraining him from cutting the timber, until the title could be determined.

　　The lands claimed by the respective parties are identically the same in both proceedings.

At the October Term, 1924, an order was made by *Sinclair, J.,* consolidating the special proceeding brought by S. L. Sawyer under the Torrens Law and the action for trespass instituted by Mrs. Blount and ordered that they be tried together, "subject to the right of S. L. Sawyer to move for a severance of the issues between himself and Mrs. Blount and Mrs. Criffield." To this order, S..L. Sawyer excepted and appealed to the Supreme Court. The authority of the judge to make such order of consolidation is the only question presented in No. 15, the case of *Blount v. Sawyer.*

The issues raised by the petition and answer in the proceeding under the Torrens Law and by the complaint and answer in the injunction suit (it being in effect an action of trespass to try title) are in no way dissimilar; the same lands, the same titles and the same boundaries are involved in both proceedings, requiring the attention of the same lawyers, the work of the same surveyors and the attendance and testimony of the same witnesses. It would seem that the judge was not without power to enter the order of consolidation. *Wilder v. Greene,* 172 N. C., 94; *Sumner v. Staton,* 151 N. C., 198; *Hartman v. Spiers,* 87 N. C., 28; *Jones v. Jones,* 94 N. C., 111; *Blackburn v. Ins. Co.,* 116 N. C., 821; *Caldwell v. Beatty,* 69 N. C., 365; *Person v. Bank,* 11 N. C., 294.

After objecting and excepting to the order of consolidation and giving notice of appeal therefrom in No. 15, the appellant, S. L. Sawyer, at a later time, offered to submit to a voluntary nonsuit in No. 17, the special proceeding instituted by him under the Torrens Law. This was not allowed by Cranmer, J., and the correctness of this ruling is the only question presented by the appeal in No. 17, *Sawyer v. Morrison et al.*

It is the position of the appellant that the order of consolidation, and the subsequent refusal to allow him to take a nonsuit in the proceeding instituted by him under the Torrens Law, will necessarily lead to great confusion on the trial; because in one proceeding he has the burden of proof, while Mrs. Blount has the laboring oar in the other, and the consolidation of the two, he says, will have the inconsistent effect of placing the burden of proof on both parties at the same time. *Speas v. Bank,* 188 N. C., p. 529; *Bank v. Ford,* 216 Pac. (Wyo.), 691. Without conceding this to be a necessary conclusion on the present record, it is sufficient to say that the objection urged is one of procedure and does not go to the extent of questioning the power of the court to consolidate the two proceedings.

The order of consolidation having been made in the exercise of a proper power, we think the subsequent order disallowing the petitioner's motion for judgment as of nonsuit in the proceeding in rem, instituted by him under the Torrens Law, was correctly entered.

We find no error on either appeal.

Affirmed.