JOHN H. KALTE and WIFE, ELIZABETH E. KALTE, v. CITY OF LEXINGTON.

(Filed 15 June, 1938.)

1. **Trial § 11: Courts § 2d—In proper instances, Superior Court may consolidate for trial appeals from justice of the peace.**

When plaintiff institutes several actions in the same right in the court of the justice of the peace against the same defendant, which might have been united except for the jurisdictional limitation of the justice's court, and a common defense is set up as to each cause, the Superior Court, upon appeal of the several actions, may consolidate same for trial.

2. **Municipal Corporations § 48: Justices of the Peace § 4—Pleadings must be written and verified in action against city in justice's court.**

While ordinarily a pleading may be verified or not, and in an action instituted in the court of a justice of the peace the pleadings may be written or verbal, when an action against a city on a money demand is instituted in a justice's court the pleading must be written and verified, since C. S., 1330 requires that in an action against a city on a money demand the complaint must be verified, and defendant city's motion to nonsuit should be allowed when the action is instituted by summons without written pleadings.

APPEAL by defendant from *Bivens, J.,* at February Term, 1938, of DAVIDSON.

Civil actions to recover on interest coupons on bonds.

On 18 October, 1937, plaintiff instituted eighteen civil actions in justice of the peace court of Davidson County. In each the summons is to answer complaint for the nonpayment of an interest coupon on bond of the city of Lexington due to plaintiffs. In six of the actions the amount demanded is $23.75, and in twelve $25.00. Formal complaint is not filed, but there appears on the face of each summons these words: "Notice served, payment demanded and refused 11 October, 1937."

On 21 October, 1937, defendant filed demurrer in each action for that the summons does not state a cause of action in that plaintiff has failed to comply with the provisions of: (1) C. S., 1330, relative to filing claims with municipalities, and (2) Private Laws 1933, ch. 70, relative

to requirement in filing claims against the city of Lexington. The demurrers were overruled without prejudice to defendant filing answers. In answer filed in each case defendant denies the general allegations of the summons, and sets up (1), the pendency in Superior Court on appeal of an action on the coupon described in the summons, and (2) the plea of multiplicity of actions, based on one item, the sum of $442.50, in accordance with claim filed with the board of commissioners of the city of Lexington, an amount beyond 'the jurisdiction of the court of justice of the peace.

From judgment rendered in favor of plaintiffs in each action, defendant appealed to the Superior Court, where, on motion of plaintiffs, and over defendant's objection, the court, in the exercise of discretion, consolidated all of the actions for the purpose of trial. Thereupon defendant demurred to the summons as complaint in each case. Overruled. Exception.

On the trial plaintiffs offered evidence tending to show that they own certain Street Improvement Bonds and certain Water and Light Bonds of the city of Lexington, and past due unpaid interest coupons thereon, on which the actions respectively are based; that on 11 October, 1937, the plaintiffs presented in person to the mayor and city council in regular meeting assembled, a written demand for payment duly sworn to before a notary public, in which the eighteen interest coupons were listed separately as to number, maturity and amount with the character and number of bond; and that, in writing duly signed, receipt of the claim was acknowledged and, "Upon consideration of same by said board, same was refused."

Defendant offered testimony tending to show only that on 18 October, 1937, plaintiffs took nonsuit in five actions pending on appeal in the Superior Court; that plaintiffs are taxed with the cost and that same is not paid. There is no evidence tending to identify any of the matters therein involved with the subject matter of the consolidated cases.

Defendant's motion for nonsuit was denied. Upon peremptory instruction there was verdict for plaintiff on the single issue of indebtedness. From judgment thereon defendant appealed to the Supreme Court, and assigns error.

C. N. Cox for plaintiff, appellees.
P. V. Critcher for defendant, appellant.

WINBORNE, J. Upon the facts presented on this appeal the decisive questions are: (1) Did the court below err in consolidating the cases for the purpose of trial? (2) In an action in justice of the peace court on debt against a city, is the plaintiff required to file a verified com-

plaint and set forth the allegations in compliance with C. S., 1330? (3) Was refusal of motion for judgment as of nonsuit error?

We answer the first issue "No" and the second and third "Yes."

1. A consolidation may be ordered where the plaintiff in the same right institutes several actions against the same defendant on several causes of action which he might have united in one, and a common defense is set up to all. *Buie v. Kelly,* 52 N. C., 266; *Hartman v. Spiers,* 87 N. C., 28. Other cases bearing upon the subject are: *Wilder v. Greene,* 172 N. C., 94, 90 S. E., 439; *Ins. Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417; *Henderson v. Forrest,* 184 N. C., 230, 114 S. E., 391; *Blount v. Sawyer,* 189 N. C., 210, 126 S. E., 512; *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Rosenmann v. Belk-Williams Co.,* 191 N. C., 493, 132 S. E., 282; *Trust Co. v. Green,* 204 N. C., 780, 168 S. E., 529; *Hewitt v. Urich,* 210 N. C., 835, 187 S. E., 759.

2, 3. Ordinarily, it is correct to say that in actions brought in a court of a justice of the peace the parties have an election to plead either orally or in writing, but the conclusion does not follow in an action against a municipality—requiring verified complaint. C. S., 1330, provides in part that "every such action (against municipalities) shall be dismissed unless the *complaint is verified* and contains" the allegations therein specified.

In McIntosh Prac. and Proc., page 369, it is said: "In certain proceedings a verification is required as an essential part of the pleadings— (among others)—in an action against a county or municipal corporation." In *Nevins v. Lexington,* 212 N. C., 616, 194 S. E., 293, an action in the court of a justice of the peace in which written verified complaint was filed, this Court said that C. S., 1330, is applicable to that action.

If the complaint in an action against a municipality must be verified in order to save it from dismissal, it follows that the pleading must be in writing and verified, regardless of the court in which the action is instituted.

Ordinarily, in actions brought in the Superior Court or other court of record, where the pleadings are required to be in writing, the plaintiff may verify his complaint or not according to his election, but such election is not open to a plaintiff in an action against a municipality requiring verified complaint. Otherwise, C. S., 1330, would be without meaning. This statute applies to "every such action" against a municipality, without reference to the amount involved or the court in which the action is brought.

The judgment below is

Reversed.