NORSIE PEEPLES, ADMINISTRATRIX OF RICHARD PEEPLES, DECEASED, v. SEABOARD AIR LINE RAILROAD COMPANY AND SAM CONNELL.

LENA EDWARDS. ADMINISTRATRIX OF CLONNIE EDWARDS, DECEASED, v. SEABOARD AIR LINE RAILROAD COMPANY AND SAM CONNELL.

WILLIE EDWARDS v. SEABOARD AIR LINE RAILROAD COMPANY AND SAM CONNELL.

TOM KEARNEY v. SEABOARD AIR LINE RAILROAD COMPANY AND SAM CONNELL.

(Filed 17 March, 1948.)

**1. Trial § 11—**

The trial judge has the discretionary power, *ex mero motu*, to consolidate actions for trial even though instituted by different plaintiffs against a common defendant or by the same plaintiff against several defendants, when the causes of action grow out of the same transaction and substantially the same defenses are interposed, provided such consolidation results in no prejudice or harmful complications to either party.

**2. Same: Appeal and Error § 38—**

It is incumbent upon a party appealing from a discretionary order consolidating actions for trial to show injury or prejudice arising therefrom in order for his exception thereto to be sustained.

**3. Trial § 11—**

An order consolidating four actions, two instituted by personal representatives to recover for wrongful death and two by the survivors of the accident to recover for personal injuries, all four actions arising out of a grade crossing accident between defendant's train and the truck in which intestates and the survivors of the accident were riding, and in which practically the same defenses were interposed, *held* without error.

**4. Same—**

An order of consolidation will not be reversed on the ground that it is based on an erroneous finding when the alleged error of fact does not affect the question of consolidation, since appellant is not prejudiced thereby, the pleadings and not the findings being controlling upon the trial.

APPEAL by defendant Seaboard Air Line Railroad Company from *Frizzelle, J.,* at November Term, 1947, of HALIFAX.

Four civil actions,—each of the first two to recover damages for alleged wrongful death of intestate of plaintiff, and each of the third and fourth to recover damages for personal injuries allegedly sustained by plaintiff, resulting from actionable negligence of the defendants, when a truck owned and operated by another, in which the said two intestates in the wrongful death cases and the plaintiffs in the personal injury cases were

riding, and a train of defendant, Seaboard Air Line Railroad Company, on which defendant Sam Connell was fireman, collided at Poplar Street crossing in the town of Weldon, North Carolina.

The allegations of the complaints in the two death cases, except those relating peculiarly to each intestate, are in almost identical language; and the allegations of the complaints in the two personal injury cases, except those relating peculiarly to each plaintiff, are in almost identical language. The allegations of the complaints in the two death cases, and those in the two personal injury cases differ chiefly in language used by different attorneys in stating causes of action arising upon the same state of facts, except in these respects: (1) In the complaints in the death cases this allegation appears: "That at the time herein complained of plaintiff's intestate was not the owner of the truck in which he was riding nor did he have any control over said truck or the driver thereof," but it does not appear in the complaint in the personal injury cases; and (2) in the complaints in the personal injury cases additional negligent acts and omissions are alleged against defendants which are not alleged in the complaint in the death cases.

On the other hand, defendants in their joint answers filed in each case deny in the main the material allegations of the complaint, and plead in bar of recovery three further defenses, in which they aver in detail as against the intestates of plaintiffs in the two death cases, and the two plaintiffs in the personal injury cases (1) contributory negligence; (2) sole negligence of the driver of the truck in which they were riding; and (3) contributory negligence of the driver imputable to them in that they and the driver were engaged in a joint enterprise.

The record shows that:

"When these cases were reached on the trial calendar, his Honor, J. Paul Frizzelle, Judge Presiding, ex mero motu, entered the following order: 'November Term 1947. It appearing to the court that the above named cases arise out of the same transaction, to wit: the collision between a railroad train of the defendant and an automobile truck in which the four above named plaintiffs were riding as passengers at the time of said collision, and that the trial of these cases involves the same principles of law and the same facts:

"'It is therefore in the discretion of the court ordered and adjudged that the four above named cases be consolidated for trial. J. Paul Frizzelle, Judge Presiding.'

"To the foregoing order of consolidation the defendant, Seaboard Air Line Railroad Company, excepted and appealed to Supreme Court," and assigns the same as error.

*Murray Allen and D. Mac Johnson for Seaboard Air Line Railroad. No counsel contra.*

WINBORNE, J. "Did the court commit error in, *ex mero motu,* ordering the consolidation of these cases for trial?" Appellant states this as the question involved on this appeal. Decisions of this Court answer "No."

Neither of the plaintiffs, appellees, has filed a brief.

The decisions of this Court uniformly recognize that the trial court possesses the power in proper cases to order the consolidation of actions for trial. See McIntosh on North Carolina Practice and Procedure, pp. 536-539; *Person v. Bank,* 11 N. C., 294; *Buie v. Kelly,* 52 N. C., 266; *Glenn v. Bank,* 70 N. C., 191; *Hartman v. Spiers,* 87 N. C., 28; *Monroe Bros. & Co. v. Lewald,* 107 N. C., 655, 12 S. E., 287; *Lumber Co. v. Sanford,* 112 N. C., 655, 16 S. E., 849; *Wilder v. Greene,* 172 N. C., 94, 89 S. E., 1062; *Ins. Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417; *Ins. Co. v. R. R.,* 179 N. C., 290, 102 S E., 504; *Henderson v. Forest,* 184 N. C., 230, 114 S. E., 391; *Blount v. Sawyer,* 189 N. C., 210, 126 S. E., 424; *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Rosenmann v. Belk-Williams Co.,* 191 N. C., 493, 132 S. E., 282; *Durham v. Laird,* 198 N. C., 695, 153 S. E., 261; *Abbitt v. Gregory,* 201 N. C., 577, 160 S. E., 896; *Pridgen v. R. R.,* 203 N. C., 62, 164 S. E., 325; *Trust Co. v. Green,* 204 N. C., 780, 168 S. E., 224; *Power Co. v. Yount,* 208 N. C., 182, 179 S. E., 804; *Hewitt v. Urich,* 210 N. C., 835, 187 S. E., 759; *Kalte v. Lexington,* 213 N. C., 779, 197 S. E., 691; *Robinson v. Transportation Co.,* 214 N. C., 489, 199 S. E., 725; *Park, Inc., v. Brinn,* 223 N. C., 502, 27 S. E. (2d), 548; *In re Will of Atkinson,* 225 N. C., 526, 35 S. E. (2d), 638.

In keeping with these decisions this Court has said that the general rule, in determining the legal aspect of consolidation, is that the judge has the power to consolidate actions involving the same parties and the same subject matter if no prejudice or harmful complications will result therefrom. This salutary power, it is stated, is vested in the judge in order to avoid multiplicity of suits, unnecessary costs and delays, and as a protection against oppression and abuse. *Durham v. Laird, supra,* and cases there cited. See also *Abbitt v. Gregory, supra.* And it has been held by this Court that it is proper to consolidate for trial separate actions by different plaintiffs against common defendants for damages arising out of the same accident, except when such consolidation would be injurious or prejudicial to one or more of the parties. See *Ins. Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417, and *Ins. Co. v. R. R.,* 179 N. C., 290, 102 S. E, 504; *Fleming v Holleman, supra; Pridgen v. R. R., supra; Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342; *Hewitt v. Urich, supra; Robinson v. Transportation Co., supra.*

In each of the two cases of *Ins. Co. v. R. R., supra,* separate fire insurance companies sought in separate actions to recover the several amounts

they had been compelled to pay on fire insurance policies as the result of the same fire allegedly caused by actionable negligence of defendant. In the first of these cases this Court approved the consolidation ordered upon motion. And in the second, this Court held on authority of the first case that the trial judge erred in ruling that he did not have the power to consolidate the several actions brought by the insurance companies.

In *Fleming v. Holleman, supra,* two separate actions in behalf of different plaintiffs against same defendant to recover damages for injuries sustained allegedly through negligence of defendant were consolidated. This Court saw no error.

In *Pridgen v. R. R., supra,* the consolidation of an action by an employee to recover for personal injuries sustained in a collision between the truck he was driving and the defendant's railroad train with an action by the employer for damages to the truck was held not to be error. The Court, in opinion by *Brogden, J.,* stated: "Both cases grew out of the same injury and practically the same defenses were interposed."

In *Hewitt v. Urich, supra,* Mrs. Claudia Hewitt and A. J. Hewitt, wife and husband, brought separate actions against defendant for damages for personal injuries each sustained in an automobile accident while they were riding as guests of defendant in an automobile owned and operated by him. This Court held that there was no error in consolidating the two actions for trial, citing *Fleming v. Holleman, supra,* and the first *Ins. Co. v. R. R., supra.*

In *Baker v. R. R., supra,* an action for damages for wrongful death of Heber C. Baker, an "invited guest or passenger," and an action by Jacob C. Williams for damages for personal injury sustained in collision between automobile operated by Williams and the dividing wall under one of defendant's bridges, were consolidated for trial. This Court disposes of the exception shown in record on appeal by saying, "As the two causes of action arose out of the same collision or same state of facts, for convenience, they were consolidated and tried together," citing *Fleming v. Holleman, supra.*

And in *Robinson v. Transportation Co., supra,* as the record shows, the trial judge ordered that five separate actions, instituted by different plaintiffs, in which each sought damages for personal injuries and one property damage, be consolidated and tried together. This Court, in opinion by *Seawell, J.,* states: "The exception to the consolidation of the cases for the purpose of trial is without merit. In this State the power of the trial court to consolidate cases for convenience of trial is not confined to cases between the same parties, but extends to cases by the same plaintiff against several defendants and cases by different plaintiffs against the same defendant, where the causes of action grow out of the same transaction and the defense is the same. *Abbitt v. Gregory,* 201

N. C., 577, 593, 594. McIntosh, Practice and Procedure, 536, 539. The liability of the defendants, if any, to the several plaintiffs in this action grew out of the same alleged negligent acts and the defense is the same. There is no apparent prejudice to the defendants in the consolidation of these actions which might interfere with the discretion of the court in making the order."

Further, in the cases of *Hewitt v. Urich, supra,* as shown by the record on appeal, and in *Abbitt v. Gregory, supra,* cited in the *Robinson case, supra,* the orders for consolidation were made in each instance by the judge of his own mere motion, that is, *ex mero motu.*

Moreover, where error is assigned on the ground of improper consolidation, injury or prejudice arising therefrom must be shown to sustain the exception. McIntosh on N. C. P. & P., p. 536; *In re Will of Atkinson, supra.*

The decisions of this Court appear to be in harmony with the majority of cases in other jurisdictions. See Annotation 104 A. L. R., 62, on subject "Propriety of Consolidation for trial of actions for personal injuries, death or property damage arising out of the same accident."

In the light of the principles enunciated in these authorities, as applied to the facts alleged on the pleadings here, it is not apparent from the record that appellant is injured or prejudiced by the order of consolidation. As alleged, all four actions grow out of the same accident and practically the same defenses are interposed.

It is contended, however, that since order of consolidation is based upon the finding of the judge that "the four above named plaintiffs were riding as passengers at the time of the collision," which is not supported by the record, the order should be reversed. The finding is of necessity based upon the pleadings, and if in conflict with the pleading, the latter will control. In any event, the pleadings do show that the four were riding in the truck and it is not alleged that either of them was operating the truck at the time of the collision. Hence, for purpose of the question presented as to consolidation of the actions, the finding that they were passengers may be disregarded as immaterial.

As to the contention of appellant that there is such substantial difference in the pleadings as will seriously complicate these cases to its prejudice, a similar point was raised before, and considered by this Court in *Martin v. R. R.,* 148 N. C., 259, 61 S. E., 625, and, under such conditions, the Court was of opinion that there was no error in the order of consolidation. We are of like opinion here.

After careful consideration of all reasons advanced by appellant, in the light of pertinent authorities, we fail to find error in the order of consolidation.

Affirmed.