J. L. ABBITT v. WILLIS N. GREGORY AND DAVISON CHEMICAL
COMPANY.

(Filed 4 November, 1931.)

1. **Corporations D h—Sellers of stock could recover of one negotiating
   sale and the purchaser for misrepresentation as to price purchaser
   would pay.**

   Where, upon sufficient evidence, a referee finds that the general man-
   ager of a corporation was authorized by certain other officers and stock-
   holders to negotiate for the sale of their controlling shares to another
   corporation, that the general manager was a close business and personal
   friend of the selling shareholders and that they had a right to, and did
   rely on his business judgment and integrity, and that he represented
   to the selling shareholders that the purchasing corporation would pay
   only $106.00 a share whereas in fact, under a secret agreement between
   the general manager and the purchasing corporation, the purchasing
   corporation paid him about $158.00 a share, and that he retained the
   difference for his personal use, with the knowledge and connivance of
   the purchasing corporation, *Held:* the selling shareholders are entitled
   to recover of the general manager negotiating the sale and the purchasing
   corporation, jointly and severally, the difference wrongfully retained by
   the general manager, there being a fiduciary relationship between the
   general manager and the selling shareholders and the purchasing corpora-
   tion knowing the facts constituting such relationship, and the judgment
   of the lower court confirming the findings of fact and conclusions of law
   to this effect will be affirmed on appeal.

2. **Trial C b—Actions against the same defendant involving same ques-
   tions of law and fact may be consolidated by trial court.**

   Where several actions against the same defendant have been referred
   to a referee and heard by him at the same time by consent of the parties,
   and his findings of fact and conclusions of law are substantially the
   same in each action, upon the hearing of exceptions to his reports an
   order of the trial judge consolidating the actions on his own motion is
   not error.

19—201

3. **Reference D c—In this case held: exceptions to report of referee were sufficiently passed upon by trial court.**

While the trial court must consider and rule upon each exception to the referee's report upon a hearing before him on the exceptions, where, for the purpose of rendering judgment, the trial court restates in his own language the findings of fact deemed by him pertinent to the judgment, and affirms the findings of the referee, and the statement of the facts by the court and the findings of fact by the referee are substantially the same, his order overruling all exceptions to the findings of fact which do not conform to his statement of the facts is not subject to the objection that the court failed to pass on each exception, it appearing that the court had carefully considered the referee's report and the exceptions thereto before rendering judgment.

4. **Fiduciaries A a—Fiduciary relationship exists where special confidence is reposed in one bound in equity to act in good faith.**

It is difficult to define legally the exact extent of the meaning of the term "fiduciary" to include every relationship of that character, but the relationship exists where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and in due regard to the one reposing the confidence.

APPEAL by defendants from *Grady, J.,* at June Term, 1931, of PAS-QUOTANK. Affirmed.

This and thirteen other actions were begun in the Superior Court of Perquimans County, North Carolina, by summons issued on 25 May, 1927. The plaintiff in each of said actions was formerly a stockholder of the Eastern Cotton Oil Company, a corporation organized and doing business under the laws of this State, with its principal office in the town of Hertford, N. C. The defendants in each action are Willis N. Gregory, a citizen of the State of Virginia, residing in the city of Norfolk, Va., and the Davison Chemical Company, a corporation organized and doing business under the laws of the State of Maryland, with its principal office in the city of Baltimore, Md.

During the months of May and June, 1926, the plaintiff in each of said actions sold and delivered to the defendant, Davison Chemical Company, the shares of stock in the Eastern Cotton Oil Company owned by him. These sales were negotiated by the defendant Willis N. Gregory, who was the general manager of the Eastern Cotton Oil Company. The relations, both business and social, between the said Willis N. Gregory and the plaintiff in each of said actions, at the time of said negotiations and sales, were such that each of said plaintiffs had and was justified in having implicit confidence in the said Gregory. It is alleged in each of said actions that the defendant Willis N. Gregory and the defendant Davison Chemical Company, pursuant to a secret agreement entered into by and between them during said negotiations, and prior to said sales, falsely

and fraudulently misrepresented to the plaintiffs in said actions the price which the said Davison Chemical Company was willing to pay and did pay for the shares of stock in the Eastern Cotton Oil Company owned by said plaintiffs, and that the said Davison Chemical Company wrongfully paid to the said Willis N. Gregory, and the said Willis N. Gregory wrongfully received from the said Davison Chemical Company, a sum of money in excess of the amount paid by the said Davison Chemical Company to each of said plaintiffs for the shares of stock in the Eastern Cotton Oil Company sold and delivered by said plaintiff to the said Davison Chemical Company. The plaintiff in each of said actions prays judgment that he recover of the defendants the amount wrongfully paid by the Davison Chemical Company to Willis N. Gregory, and wrongfully received by Willis N. Gregory from the Davison Chemical Company in excess of the amount which was paid to said plaintiff by the Davison Chemical Company for his shares of stock in the Eastern Cotton Oil Company.

After the complaint had been filed in each of said actions, on the petition of the defendants therein, said action was removed from the Superior Court. of Perquimans County to the District Court of the United States for the Eastern District of North Carolina for trial. Thereafter eight of said actions, on motion of the plaintiff in each action, were remanded by the judge of the United States District Court to the Superior Court of Perquimans County. The remaining six actions were retained in the District Court of the United States for the Eastern District of North Carolina for trial in said Court. Subsequently an order was entered in each of the actions pending in the Superior Court of Perquimans County removing said action from said court to the Superior Court of Pasquotank County, for the trial in the latter court.

At February Term, 1930, of the Superior Court of Pasquotank County, each of the actions then pending in the Superior Court of Pasquotank County, was referred to Hon. D. H. Bland, as referee, for trial, in accordance with the provisions of C. S., 572, *et seq.* There were no exceptions to the orders of reference made in said actions; the parties to each action expressly waived the right to trial by jury.

At or about the time the actions pending in the Superior Court of Pasquotank County were referred to Hon. D. H. Bland, referee, orders were entered in the actions which had been retained in the United States District Court by the judge of said District Court, under Equity Rule 59, referring said actions also to Hon. D. H. Bland, as special master. Thereafter it was agreed that the Hon. D. H. Bland, as referee appointed by the State Superior Court, and as special master appointed by the United States District Court, should hear all said actions at the

same time and place, and should file his reports as referee in the actions referred to him by the State Superior Court, in said court, and should file his reports as special master in the actions referred to him by the United States District Court, in said Court. This agreement was entered into by and between the parties to all said actions, because the causes of actions alleged in the complaints therein, and the defenses set up in the answers filed in said actions, are identical. The facts alleged in the complaint in each action as constituting the cause of action on which the plaintiff therein prays judgment against the defendants, Willis N. Gregory and Davison Chemical Company, are substantially the same.

Pursuant to the foregoing agreement, the Hon. D. H. Bland, sitting both as referee and as special master, heard all said actions at Elizabeth City, N. C., beginning on 24 June, and continuing through 27 June, 1930, when by consent the hearing was continued to 10 July, 1930, on which day the taking of testimony was concluded. Thereafter, having first heard arguments by counsel for all the parties in said actions, the Hon. D. H. Bland filed his reports as special master in the actions referred to him by the United States District Court, in said District Court, and at the same time filed his reports as referee in the actions referred to him by the Superior Court of Pasquotank County, in said Superior Court. He filed a transcript of the evidence taken by him at the hearing of said actions in each of said courts. In his report in each of the actions pending in the Superior Court of Pasquotank County, the referee referred to his findings of fact and conclusions of law in his report in the action entitled "T. S. White v. Willis N. Gregory and Davison Chemical Company," pending in the United States District Court, and by such reference embodied said findings of fact and conclusions of law in said report in so far as same are applicable in said action.

Upon his findings of fact and in accordance with his conclusions of law set out in his report in the above entitled action, the referee recommended that judgment be entered in favor of the plaintiff, J. L. Abbitt, and against the defendants, Willis N. Gregory and Davison Chemical Company, for the sum of $3,753.06, with interest on said sum from 6 May, 1926, and the costs of the action.

Both the plaintiff and the defendants in each of the actions pending in the Superior Court of Pasquotank County filed exceptions to the report of the referee in said action. The exceptions in all said actions were identical. At June Term, 1931, of said court, all said actions came on for hearing upon the reports of the referee and the exceptions thereto, before his Honor, Henry A. Grady, judge presiding, who rendered judgment as follows:

"J. L. Abbitt v. Willis N. Gregory and Davison Chemical Company.

Mae Wood Winslow v. Willis N. Gregory and Davison Chemical Company.

F. E. Winslow v. Willis N. Gregory and Davison Chemical Company.

Susan Frances White v. Willis N. Gregory and Davison Chemical Company.

J. H. Aydlett v. Willis N. Gregory and Davison Chemical Company.

Cornie White Abbitt v. Willis N. Gregory and Davison Chemical Company.

T. S. White, Jr., who sues by T. S. White, as next friend, v. Willis N. Gregory and Davison Chemical Company.

Mattie Toms White v. Willis N. Gregory and Davison Chemical Company.

Each one of the above named plaintiffs, together with certain other stockholders of the Eastern Cotton Oil Company, prosecuted a civil action against the defendants, Willis N. Gregory and Davison Chemical Company, in the Superior Court of Perquimans County, North Carolina. Because of a diversity of citizenship, some of said actions were removed to the United States District Court for the Eastern District of North Carolina; and by order, duly entered, the causes named in the caption hereof, were removed to Pasquotank County for trial. As the same questions were presented in the several causes, both as to the law and the facts, an order was made in the State Court appointing David H. Bland, of Goldsboro, N. C., as referee in each of said cases, and a similar order was entered in the United States District Court, appointing the said David H. Bland as special master in chancery, to hear and determine the several causes pending in that Court.

All of said causes were thereupon heard by said referee and special master, and his reports in each case were filed in the respective courts from which he derived his authority; and upon the incoming of said reports, it was agreed between the parties plaintiff and defendant that all exceptions filed might be heard and argued before the undersigned judge of the Superior Court, sitting in Chambers with Hon. Isaac M. Meekins, U. S. District Judge for the Eastern District of North Carolina; and thereupon said exceptions were heard by the said two judges, sitting together, in the U. S. District Court building, in Elizabeth City, North Carolina, during the second week of the June Civil Term, 1931, of Pasquotank Superior Court.

It was agreed by all parties that each of said judges might take with him the papers in the cases over which he had jurisdiction, and render judgment in said causes, out of the county and out of term, to have the same effect as if entered at term time, and in the county.

It is alleged by all of the plaintiffs in their respective complaints, that they were stockholders in the Eastern Cotton Oil Company; that Willis N. Gregory, Thos. S. White and Edward D. Winslow were all stockholders and directors in said company, White being the nominal president, and Willis N. Gregory being the active and actual general manager of the business; that White and Edward D. Winslow each represented certain of their kinsmen and relatives in handling their stock; that there was an agreement between White and Winslow on the one part, representing themselves and their family groups, and Gregory on the other part, that Gregory was to act as agent for the stockholders represented in making sale thereof to the defendant Davison Chemical Company; that while acting as such agent, he entered into an agreement with said Davison Chemical Company that he would sell said stock to it for $106.00 per share, but that he himself was to receive a larger amount, to wit: $166.00 per share, all of which was concealed by both Gregory and the Davison Chemical Company from the several plaintiffs in interest; that Gregory was guilty of fraud, of a breach of trust, that he made certain false and fraudulent representations to the plaintiffs, upon which they relied, had a right to rely, and that they were damaged in the amounts set out in the complaints.

The complaints as drawn, involving the questions of breach of trust and confidence on the part of the defendant Gregory, and the participation in said breach by his codefendant, Davison Chemical Company, as well as the question of fraud and false representation, raise certain issues of fact, which the referee has passed upon. These allegations are denied by the defendants, and it now becomes the duty of the court to ascertain from the evidence whether or not said allegations have been proven by the greater weight thereof. Are the defendants liable to the plaintiff, or is either one of them liable for said alleged breach of trust and confidence? Are they guilty of false pretense, or is either one of them guilty?

A correct answer to these questions will determine the respective rights of the parties.

For the sake of convenience, and saving and reserving unto the several parties all of their rights of exception and appeal, the court, *ex mero motu* does hereby consolidate the several actions above referred to and pending in the Superior Court of Pasquotank County; and this consolidated judgment shall hereafter be taken, deemed and accepted as the judgment in each case, as if separately entered therein.

After a careful consideration of the referee's report, the evidence taken before him, the exceptions filed by plaintiffs and defendants, the oral arguments made by counsel; and pretermitting all things inconsequential and extraneous, but looking rather to the substance than the form of the matters at issue, the court is led irresistibly to the findings of certain facts, which are determinative of the rights of the parties; and without needlessly repeating the findings of the referee, which are amply supported by the evidence, but referring to and reaffirming such findings as appear to be pertinent to the inquiry, the court does now set forth in detail those facts which seem to be proven by the greater weight of the evidence, and which are convincing in arriving at a just and fair settlement of all matters in dispute, that is to say:

1. The Eastern Cotton Oil Company, a domestic corporation, had its office and principal place of business in the town of Hertford, Perquimans County, North Carolina. Prior to the controversy which forms the basis of these consolidated actions, the common stock of said corporation was owned in part by two groups of stockholders, the first of which will be designated as the Thomas S. White group, and its holdings were as follows:

|     |     |     |
| --- | --- | --- |
| (a) | Thos. S. White | 875 shares |
| (b) | Susan Frances White, his daughter | 1 share |
| (c) | J. H. Aydlett, his brother-in-law | 14 shares |
| (d) | Clate White Aydlett, his sister | 286 shares |
| (e) | J. L. Abbitt, a brother-in-law | 71 shares |
| (f) | Cornie White Abbitt, his sister | 286 shares |
| (g) | Willie White Weeks, a sister | 286 shares |
| (h) | Mattie Toms White, his wife | 10 shares |
| (i) | Thos. S. White, Jr., a son | 1 share |

Total of the Thos. S. White group . ..1,830 shares

The second group is known as the Edward D. Winslow group and the holdings of said group were as follows:

|     |     |     |
| --- | --- | --- |
| (a) | Edward D. Winslow | 300 shares |
| (b) | Tudor F. Winslow, his brother | 100 shares |
| (c) | Mae Wood Winslow, his niece | 10 shares |
| (d) | Frank E. Winslow, his nephew | 10 shares |
| (e) | Mrs. T. H. Willcox, his niece | 1 share |
| (f) | Mrs. W. H. Hudson, a niece | 1 share |

Total of the Winslow group 422 shares

In addition to the above stock, Dr. E. S. White was the owner of 65 shares, and the defendant, Willis N. Gregory, was the owner of 1,260 shares of the capital stock of said Eastern Cotton Oil Company, making a total of 3,577 shares owned by the several plaintiffs in the State and Federal courts, and the defendant, Willis N. Gregory. Said stock had a par value of $100.00 per share and constituted a majority of all of the stock issued by said company, and a controlling interest therein.

2. The management and control of the 1,830 shares of stock belonging to the Thos. S. White group, was in Thos. S. White, who acted as the agent and representative of his kinsmen and kinswomen in the matters and things hereinafter referred to; and in like manner, Edward D. Winslow was in the control of, and managed the sale of the stock belonging to the Winslow group, as agent and representative of his kinsmen and kinswomen; the members of said two groups looking to them for guidance, advice and direction in practically all things connected with the operation of the Eastern Cotton Oil Company. This relationship between the parties was well known to, and acted upon by the defendant, Willis N. Gregory, in making the sales of stock as hereinafter mentioned.

3. Prior to the break in the relationship between Thos. S. White and Edward D. Winslow on the one part, and Willis N. Gregory on the other part, which break and disagreement forms the basis of this controversy the said Thos. S. White, Edward D. Winslow and Willis N. Gregory were on terms of intimacy, both in a business and social aspect, each having implicit faith and confidence in the other. There had never been a rift in the mantle of confidence and good fellowship which enveloped them until the happening of the events in the spring of 1926, which formed the basis of these several actions. Thos. S. White and Willis N. Gregory had been boyhood friends and companions; each looked upon the other with affection and regard; indeed, it appears that they each cherished for the other that feeling which is so common between men of similar social standing, who have played together in their youth; and while Edward D. Winslow was a much older man than either of them, they had grown up under his personal observation in Perquimans County, in the same locality, and they both regarded him with real affection and esteem. So far as these three men were concerned, it was a pleasant association of business companions, among whom no contention had ever arisen. Each had faith in the other and trusted him unstintedly and whole-heartedly.

4. The Eastern Cotton Oil Company was organized in 1905 with a small capital of $25,000. Under the fine management of Willis N.

Gregory this business venture grew with phenomenal success, and in 1926, at the time of the breach between the three principal stockholders, White, Winslow and Gregory, the capital stock had increased to $450,000 and the business had acquired an enviable reputation due largely to the business acumen and astuteness of its general manager, Willis N. Gregory.

For several years prior to 1926, Thos. S. White had been the nominal president of said company, serving without salary. White, Edward D. Winslow and Willis N. Gregory, were all members of the board of directors, but Gregory was the active and actual general manager of the business. He possessed a business capacity of the highest degree, and it was largely through his energy and sagacity that the growth of the business was due. Thos. S. White and Edw. D. Winslow were engaged in other business, and did not give to the Eastern Cotton Oil Company any special or personal attention; however, they were both alert business men, and from regular attendance upon the meetings of the board of directors, knew the workings of the company, and knew, or ought to have known the value of their holdings therein.

5. In the spring of 1926, there was an effort made by the directors of the Eastern Cotton Oil Company, participated in by the White and Winslow groups of stockholders, to sell the entire corporate assets of said company; and the defendant Gregory thereupon entered into negotiations with divers parties in an attempt to make sale of said property. His efforts in this respect were fully authorized by the interested stockholders, including the several plaintiffs in the above entitled actions, as well as those pending in the Federal Court. Finally, in conversation with an officer of the defendant, Davison Chemical Company, Gregory discovered that said company was probably interested in purchasing said Eastern Cotton Oil Company, and he so reported to White and Winslow, and through them to their respective groups of stockholders, including the plaintiffs in the several actions referred to in the premises of this judgment. Gregory was thereupon authorized to make a sale of said property.

Later on, it was intimated by Davison Chemical Company, or its officers, that said company did not desire to purchase the entire business of the Eastern Cotton Oil Company, but was interested only in acquiring a majority of the common stock thereof, or about 51 per cent of said stock; and this attitude on the part of Davison Chemical Company was reported by Gregory to the White and Winslow groups, through Thos. S. White and Edw. D. Winslow. In the negotiations between the officers of the Davison Chemical Company and Willis N. Gregory, said company informed him that they wished him to retain his stock in the

Eastern Cotton Oil Company, and to remain as general manager thereof. This condition was also reported by Gregory to the White and Winslow groups. None of the members of said White and Winslow groups ever had any personal transactions with the Davison Chemical Company, or its officers, but all of the negotiations, looking to the sale of stock, were conducted by Gregory, alone, as the agent and representative of said White and Winslow groups. Gregory stated to White and Winslow that the Davison Chemical Company would pay $106.00 per share for a majority of the stock in said company, but would not pay any more, this figure representing the par value with a 6 per cent dividend. It was also understood in the negotiations that Thos. S. White was to retain 10 shares of his stock, and was to remain as president of the company, and Edw. D. Winslow was to retain 2 shares of his stock, so that both of them would retain some contact with the business. There was no misunderstanding as to these facts.

6. At said time, however, and without the knowledge or consent of White and Winslow, or any member of their respective family groups, there was a secret contract and agreement existing between Willis N. Gregory and the Davison Chemical Company, that said company would pay to him, Willis N. Gregory, $166.00 per share for 2,500 shares of the capital stock of the Eastern Cotton Oil Company, which was to include 2,305 shares, belonging to the persons named in the first finding of fact of this judgment; which included all of the stock of the several plaintiffs, both in the State and Federal actions, except 10 shares which were to be retained by Thos. S. White, and 2 shares which were to be retained by Edw. D. Winslow, under which agreement the Davison Chemical Company was to acquire a controlling interest in the Eastern Cotton Oil Company. This agreement between Gregory and his codefendant, Davison Chemical Company, is fully set out at length in the referee's report, and his findings in that respect are fully approved and confirmed by the court.

7. It was also agreed between the defendant Gregory and his codefendant, Davison Chemical Company, that in the event he could not acquire a sufficient amount of stock from the plaintiffs and their associates to give to the Davison Chemical Company a controlling interest in the Eastern Cotton Oil Company, he would transfer to the defendant, Chemical Company, a sufficient number of shares of his own stock which added to the stock so purchased, would make a majority of all of the stock issued by said company; and the said Gregory did, in fact, make a transfer of certain shares of stock owned by him, in order to make up said majority interest; but later this stock was returned to him, after the requisite number of shares had been purchased from the plaintiffs

and other parties, and transferred to the Davison Chemical Company on the books of the Eastern Cotton Oil Company.

8. Acting upon the representations made to them by Gregory, their agent, general manager and trusted fellow stockholder, the plaintiffs transferred their stock in blank and delivered it to the Davison Chemical Company, and received therefor an amount equal to $106.00 per share, that is to say:

| | |
|---|---:|
| J. L. Abbitt | $ 7,526.00 |
| Mae Wood Winslow | 1,060.00 |
| Frank E. Winslow | 1,060.00 |
| Susan Frances White | 106.00 |
| J. H. Aydlett | 1,484.00 |
| Cornie White Abbitt | 30,316.00 |
| Mattie Toms White | 1,060.00 |
| Thos. S. White, Jr. | 106.00 |

At the same time, or within a few days thereafter, sales of stock were consummated with other stockholders who are plaintiffs in the causes now pending in the U. S. District Court, which sales were negotiated through the agency of Willis N. Gregory, as follows:

| | |
|---|---:|
| Thos. S. White, 865 shares | $91,690.00 |
| Clate W. Aydlett, 286 shares | 30,316.00 |
| Willie W. Weeks, 286 shares | 30,316.00 |
| Edw. D. Winslow, 298 shares | 31,588.00 |
| Tudor F. Winslow, 100 shares | 10,600.00 |
| Dr. E. S. White, 65 shares | 6,890.00 |

9. Upon the delivery of said stock, transferred in blank, and which was afterwards transferred on the books of the Eastern Cotton Oil Company to the defendant, Davison Chemical Company, said Davison Chemical Company, pursuant to the secret treaty and agreement hereinbefore referred to, paid to Willis N. Gregory, in cash, or its equivalent, the sum of $52.86 for each share of stock so sold and transferred. This amount, $52.86 per share, was due to a collateral agreement made between said contracting parties, Gregory and the Davison Chemical Company, that his profit on the stock should be reduced from $60.00 per share to whatever amount, in addition to $106.00 per share, would represent the real value thereof. This money paid to Gregory, as aforesaid, in equity and good conscience belonged to the plaintiffs in the several actions first referred to, in the proportion of the stock held and

transferred by them to Davison Chemical Company; so that, as to each of said parties, the amount withheld by Gregory and for which he should now be held accountable is as follows:

Thos. S. White, 865 shares at $52.86 per share ...... .$45,723.90
Susan Frances White, 1 share at $52.86 per share ... .       52.86
J. H. Aydlett, 14 shares at $52.86 per share ......          740.04
Clate W. Aydlett, 286 shares at $52.86 per share ... ... 15,117.96
J. L. Abbitt, 71 shares at $52.86 per share .. .... ...... 3,753.06
Cornie W. Aydlett, 286 shares at $52.86 per share   .. 15,117.96
Willie W. Weeks, 286 shares at $52.86 per share ...  . 15,117.96
·Thos. S. White, Jr., 1 share at $52.86 per share ....       52.86
Mattie T. White, 10 shares at $52.86 per share .  ..  .     528.60
Edw. D. Winslow, 298 shares at $52.86 per share  .. 15,752.28
Tudor F. Winslow, 100 shares at $52.86 per share. .       5,286.00
Mae Wood Winslow, 10 shares at $52.86 per share ..          528.60
Frank E. Winslow, 10 shares at $52.86 per share ....        528.60
Dr. E. S. White, 65 shares at $52.86 per share ... ... ..  3,435.90

It appears from the evidence and is found as a fact, that at the time Thos. S. White delivered his 865 shares of stock to the defendant, Davison Chemical Company, he received in addition to the purchase price of said stock, the sum of $7,500, which was represented to be 3 years salary as president of the Eastern Cotton Oil Company at $2,500 per year. It will be remembered that prior to this time he had received no salary as president of the said company. The referee finds very properly, and his finding is approved by the court, that said sum of $7,500 ought, in good conscience, to be deducted from any recovery had by the said Thos. S. White as against either of the defendants. The court finds, with the referee, that said sum of $7,500 was paid for services never rendered, although said services were tendered by the said Thos. S. White, and would have been performed had the defendant Davison Chemical Company, so desired. However, as said sum of money was not paid by the Eastern Cotton Oil Company, but was paid by the purchaser of the stock from the said Thos. S. White, the court holds that he was not entitled to the same, and that said sum of $7,500 should be deducted from any recovery had by him in this action.

10. The representations made by Willis N. Gregory to the White and Winslow groups of stockholders, that Davison Chemical Company would not pay and was not paying more than $106.00 per share for the stock owned by them, was false in fact; at least, it was a fraudulent and intentional concealment of a material fact, intended to deceive and which did deceive the said White and Winslow, the several members

of their respective family groups, as well as the plaintiff, Dr. E. S. White; and said fraudulent concealment of fact was well known to the Davison Chemical Company. Said Davison Chemical Company knew that Willis N. Gregory was acting for the plaintiffs and their associates in making said sale; it knew that Gregory was contracting for them and in their behalf at a price of only $106.00 per share for the stock owned by them; it knew that Gregory was to receive $60.00 per share for said stock, over and above the amount actually paid to the owners thereof, or such sum as was thereafter determined upon, which added to the amount paid to the stockholders, would represent the real value thereof; and which figure was settled upon at $52.86 per share; the Davison Chemical Company knew that said facts were concealed from the said White and Winslow and their associates, and knew that said stockholders were transferring their stock to it, under a false assumption of fact.

11. The court is compelled to find from the evidence, and does so find, that there was a breach of faith and confidence on the part of the defendant Gregory in conducting the sale of stock belonging to the plaintiffs and their associates; that they had a right to rely upon him by reason of his official position as general manager of the company, by reason of his past life and conduct, and their friendship for and association with him, and also by reason of the relationship of principal and agent which subsisted between them at the time; that his conduct in respect to the sale of stock is so tainted with fraud and greed that it cannot pass unnoticed by the court. It is true that the referee finds, and the court approves said finding, that Thos. S. White and Edw. D. Winslow were endorsers on notes of the Eastern Cotton Oil Company in a large amount; that in the general settlement and sale of stock, negotiated by Gregory, they were to be released from said obligations, and the fact that they were released cannot remove from Gregory the taint of fraud which the evidence stamps upon him. The referee also finds that both White and Winslow were under the impression, during the negotiations for the sale of their stock, that Gregory was to receive an additional salary as manager of the Eastern Cotton Oil Company, and that such additional salary was to be his reward for negotiating the sale of their stock to the Davison Chemical Company. As a matter of fact, his salary was greatly increased upon the taking over of the company, or the stock, by the defendant, Davison Chemical Company.

The court does not see how such fact or belief on the part of White and Winslow could relieve Gregory of his plain obligation to tell them the truth in making sale of their stock and that of their associates. It is perfectly apparent that both White and Winslow would have

been glad to see Gregory receive a larger salary; they were very friendly
with him and his prosperity would have gladdened them; but for him
to receive a bonus on their stock of something like $120,000 over and
above what he represented to them as its sale price, he at the time acting
as their agent and representative, cannot be forgiven or overlooked by
the court in administering justice between the parties.

12. The referee finds as a fact that the Davison Chemical Company
had actual knowledge of all of the facts in connection with the sale of
the plaintiffs' stock and that of their associates, and the court finds
as a fact that said Davison Chemical Company participated in the fraud
practiced by Gregory upon his associates, the plaintiffs above named, as
well as those whose causes are pending in the Federal Court. The court
also finds that the Davison Chemical Company participated in the
concealment of the real facts, in concealing the real purchase price
agreed upon between itself and Gregory, and the court concurs in the
referee's conclusion that said Davison Chemical Company is liable to
the plaintiffs in these causes in the same manner and to the same degree
as its codefendant Gregory.

The foregoing findings in respect to Thos. S. White as to his receipt
of an additional sum of $7,500 from Davison Chemical Company, are
not intended as having any bearing upon the plaintiffs in interest, in
the consolidated causes, pending in this court, for the action in which
he is involved is pending in the U. S. District Court, and said finding
cannot bind any of the parties to this action. They are set out in
this judgment for the sole purpose of explaining the entire transaction
between Gregory on the one part and White and Winslow on the other
part.

All of the exceptions filed by the plaintiffs and the defendants, which
do not conform to the foregoing findings are overruled; and as to all
exceptions which do so conform to the court's findings, the same are
sustained. All findings and conclusions of the referee which are in
harmony, or which do not conflict with the findings of the court, are
reaffirmed, and those findings and conclusions which fail to so conform
to the findings and conclusion of the court are rejected and disaffirmed,
and now, upon the facts as found by the court and the referee, it is
considered, ordered and

Adjudged that the plaintiffs have and recover of the defendants and
each one of them jointly and severally, the following amounts, to wit:

|  |  |
|---|---|
| J. L. Abbitt | $ 3,753.06 |
| Mae Wood Winslow | 528.60 |
| Frank E. Winslow | 528.60 |

Susan Frances White ... ...... ... ... ... ... .... .... .$      52.86
J. H. Aydlett. ... ......... ......... .... . . .      ...... ......   ... .      740.04
Cornie W. Abbitt   . .    ... .. ... ........................... 15,117.96
Thos. S. White, Jr.   ... ......... .........   ...... .. .. .... ..      52.86
Mattie Toms White.... ... ... .  ... ...................... ......      528.60

Said respective recoveries as to each of the plaintiffs above named, will bear interest at the rate of 6 per cent per annum from 6 May, 1926, and it is further ordered and adjudged that the plaintiffs have and recover of the defendants the costs of the several actions as consolidated by the court, which shall include an allowance of $500.00 to David H. Bland, referee.

Done at Clinton, N. C., this 20 July, 1931.

HENRY A. GRADY, *Judge Presiding.*"

From this judgment both the defendants appealed to the Supreme Court, assigning errors therein based upon their exceptions duly taken.

*McMullan & McMullan, Ehringhaus & Hall, Wilcox, Cooke & Wilcox and Battle & Winslow for plaintiff.*

*W. R. L. Taylor and L. I. Moore for defendant, Willis N. Gregory.*

*Jesse N. Bowen, Whedbee & Whedbee and MacLean & Rodman for defendant, Davison Chemical Company.*

CONNOR, J. The exceptions filed by the defendants, Willis N. Gregory and the Davison Chemical Company, to the findings of fact set out in the report of the referee in this action, and also in his reports in the other actions pending in the Superior Court of Pasquotank County against these defendants, were chiefly on the ground that there was no evidence at the hearing of said actions by the referee to support said findings of fact. These exceptions were without merit, and were properly overruled by Judge Grady. There was ample evidence, as the learned and careful judge found, to support these, as well as the other findings of fact made by the referee, and set out in his several reports. These findings of fact were substantially the same.

The essential facts on which the plaintiffs in these actions rely as constituting their cause of action against the defendants, certainly as distinguished from inferences and conclusions from these facts, are not seriously controverted. It was admitted that the plaintiff in each of these actions was a stockholder of the Eastern Cotton Oil Company, owning the number of shares of said stock as alleged by him in his complaint; that all said plaintiffs sold and delivered to the defendant, Davison Chemical Company, the shares of stock in said company owned

by them; and that these sales were made as the result of negotiations conducted by the defendant, Willis N. Gregory, with the defendant Davison Chemical Company. It was admitted that at the time these negotiations were begun, and at the time these sales were made, the defendant, Willis N. Gregory, was the general manager of the Eastern Cotton Oil Company, and that his relations, both business and social, with each of the plaintiffs, were such that said plaintiffs had and were justified in having implicit confidence in the said Willis N. Gregory, not only as the general manager of the corporation, but also as a friend of long standing. It was admitted that each of the plaintiffs received from the defendant, Davison Chemical Company, as the price of his stock, the sum of $106.00 per share, and that prior to the sale of said stock, and during the negotiations for its purchase by the Davison Chemical Company, the defendant, Willis N. Gregory, with the full knowledge of the defendant, Davison Chemical Company, told the plaintiffs, or their representatives, that the sum of $106.00 per share was the highest price which the said Davison Chemical Company would pay for said stock. It was not denied that during the progress of the negotiations, which the defendant, Willis N. Gregory, conducted with the defendant, Davison Chemical Company, for the sale of the stock in the Eastern Cotton Oil Company owned by the plaintiffs, a secret agreement was entered into by and between the said Willis N. Gregory and the said Davison Chemical Company, by which the defendant, Davison Chemical Company, agreed to pay to the defendant, Willis N. Gregory, upon the conclusion of said negotiations, and upon the sale of said stock to the said Davison Chemical Company by the plaintiffs, the sum of $150,000 in cash; nor was it denied that pursuant to said secret agreement, upon the sale of said stock to the Davison Chemical Company by the plaintiffs, the defendant, Davison Chemical Company, paid to the defendant, Willis N. Gregory, a sum of money aggregating about $150,000, which added to the total amount paid by said company to the plaintiffs in these actions, for their stock in the Eastern Cotton Oil Company, resulted in the payment by the defendant, Davison Chemical Company, for each share of said stock, of the sum of $158.86; of this sum, each of said plaintiffs received for his stock $106.00 per share; the balance, to wit: $52.86 was paid by the defendant, Davison Chemical Company to the defendant, Willis N. Gregory. There was ample evidence to justify, if not to require, the inference and conclusion made by both the referee and the judge, that the defendant, Davison Chemical Company, entered into the secret agreement with, and paid the sum of $52.86 per share, to the defendant, Willis N. Gregory, with full knowledge that the said Willis N. Gregory was the general manager of the

Eastern Cotton Oil Company, and also that his relations, both business and social, with the stockholders of said company, whose stock it proposed to buy, were such that said stockholders had implicit confidence in the business judgment and personal integrity of the said Willis N. Gregory, and because of such confidence would act and did act upon his representation that said company would not pay more than $106.00 per share for their stock in the Eastern Cotton Oil Company. There was ample evidence also tending to show that the defendant Davison Chemical Company paid to the defendant, Willis N. Gregory, and that the defendant, Willis N. Gregory, received from the defendant, Davison Chemical Company, the sum of $52.86 per share for the stock sold to the said Davison Chemical Company by the plaintiffs, as compensation for his services in procuring for said company the control of the Eastern Cotton Oil Company by the purchase from the plaintiffs of their stock in said company at $106.00 per share. The contention of the defendants that the said sum of $52.86 per share was paid by the Davison Chemical Company to Willis N. Gregory as compensation for his "changed position" as a stockholder in the Eastern Cotton Oil Company resulting from the sale by the plaintiffs of their stock to the Davison Chemical Company, and also as compensation for his agreement to retain an official connection with the Eastern Cotton Oil Company, after the purchase of said stock from the plaintiffs by the Davison Chemical Company, while colorable, was not sustained by either the referee who heard, or by the judge, who reviewed the evidence. All the evidence justifies their rejection of this contention. The records of the Davison Chemical Company, which appear in the evidence, refute this contention of the defendants. Their contention that these records were made for the purpose of concealing the true transaction with respect to the purchase of the stock in the Eastern Cotton Oil Company from the plaintiffs, in order to comply with the laws of the State of Maryland, and in order to meet the requirements of the New York Stock Exchange, at least, does not aid the defendants in a court which requires of all litigants that they come within its portals with clean hands and which looks beneath the forms of all transactions to discover, if it can, the true intention of the parties.

On their appeal to this Court, the defendants contend that there were errors in procedure at the hearing by the judge of their exceptions to the report of the referee in this action, and that for these errors, which appear therein, the judgment should be set aside, and a new trial ordered.

Defendants contend, first, that it was error for the judge, on his own motion, to consolidate the several actions pending in the Superior Court

of Pasquotank County against the defendants, for the purpose of hearing the exceptions filed by both the plaintiffs and the defendants to the reports of the referee in said actions; and, second, that it was error for the judge to fail to rule on each exception, specifically, and in lieu thereof to rule generally that such exceptions as it appeared from his judgment were not overruled, were sustained, and that such exceptions as it appeared therefrom were overruled, were not sustained.

With respect to the power of a trial judge to order the consolidation of two or more actions for purposes of trial and judgment, it is said in *Durham v. Laird,* 198 N. C., 695, 153 S. E., 261, that "the general rule is that the trial judge has the power to consolidate actions involving the same parties and the same subject-matter, if no prejudice or harmful complications will result therefrom. This salutary power is vested in the judge in order to avoid multiplicity of suits, unnecessary costs and delays, and as a protection against oppression and abuse. *Blount v. Sawyer,* 189 N. C., 210, 126 S. E., 512; *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Rosenmann v. Belk-Williams Co.,* 191 N. C., 493, 132 S. E., 282. Whether the order of consolidation is entirely discretionary and not reviewable on appeal, is an open question in this jurisdiction. *Wilder v. Green,* 172 N. C., 94, 89 S. E., 1062. The whole subject is discussed with singular clearness and accuracy in McIntosh on North Carolina Practice and Procedure, pp. 536-539, where all the pertinent authorities in this State are assembled." Prof. McIntosh says: "The Court has arranged the cases in which a consolidation may be made into three classes: '(1) where the plaintiff could have united all his causes of action in one suit, and has brought several, and these causes of action must be in one and the same right, and a common defense is set up to all; (2) where separate suits are instituted by different creditors to subject the same debtor's estate; (3) where the same plaintiff sues different defendants, each of whom defends on the same grounds, and the same question is involved in each.' These may not embrace all the cases, but they serve to illustrate the rule by which the court is governed in ordering such union. The last class might also include actions by different plaintiffs against the same defendant, where the facts are substantially the same."

The principle on which the rule governing the consolidation of two or more actions is founded, supports the order of the judge in the instant case, consolidating the actions tried by him on the exceptions to the reports of the referee, and there was no error in said order, notwithstanding there were different plaintiffs in said actions. The actions were against the same defendants, and involved the same questions both of fact and of law. They had been heard by the referee at the same

time and at the same place by consent of all parties, and his findings of fact and conclusions of law, as shown by his several reports in said actions, were substantially the same.

It is undoubtedly the practice in this State on the hearing of exceptions to the report of a referee for the judge to consider and rule on each exception, and in accordance with his rulings to sustain or overrule the exceptions, specifically. It is ordinarily his duty to do so. *Miller v. Groome,* 109 N. C., 148, 13 S. E., 840. In that case it is said that when either party to an action which has been tried by a referee files exceptions to his report, it is the duty of the judge, in reviewing the report, to consider and rule on the exceptions, and to set aside, modify or confirm the report according to his judgment. It is error for the judge to decline to consider the evidence set out in the referee's report, and to confirm the report without ruling on the exceptions. He must consider and rule on the exceptions, judicially, before rendering his judgment.

In *Thompson v. Smith,* 156 N. C., 345, 72 S. E., 379, it is said: "When exceptions are taken to a referee's findings of fact and law, it is the duty of the judge to consider the evidence and give his own opinion and conclusion, both upon the facts and the law. He is not permitted to do this in a perfunctory way, but he must deliberate and decide as in other cases—use his own faculties in ascertaining the truth and form his own judgment as to fact and law. This is required not only as a check upon the referee, and a safeguard against any possible errors on his part, but because he cannot review the referee's report in any other way. The point was presented clearly and directly in *Miller v. Groome,* 109 N. C., 148, and it controls this case."

In *Dumas v. Morrison,* 175 N. C., 431, 95 S. E., 775, where the real question involved in the appeal by the plaintiff was whether the judge had the power to set aside the findings of fact made by the referee, and to find the facts anew from the evidence taken and reported to the court by the referee, it is said:

"It is not denied that the judge has the power to review and revise the report, but the contention is that he must restrict his rulings to the specific exceptions which has been taken by either party. If this be true, and the judge's power is not any broader than as stated by the plaintiff, we have shown that the exceptions are of such a nature and so comprehensive as to bring this case well within the restricted statement of the rule. The statute, however, gives a wider scope to the judge's power in dealing with the report of a referee. Revisal, sec. 524 (now C. S., 578), provides that the report of the referee shall be made to the clerk of the court in which the action is pending; either party,

during the term, or upon ten days notice to the adverse party, out of term, may move the judge to review such report, and set aside, modify or confirm the same, in whole or in part, and no judgment shall be entered on any reference except by order of the judge."

In *Trust Co. v. Lentz*, 196 N. C., 398 (at page 406), 145 S. E., 776, it is said: "In view of the position taken by some of the parties that the judge was without authority to change the report of the referee— the reference being by consent—it is sufficient to say that, in a consent reference, as well as in a compulsory one, upon exceptions duly filed, the judge of the Superior Court, in the exercise of his supervisory power and under the statute, may affirm, modify, set aside, make additional findings, and confirm, in whole or in part, or disaffirm the report of a referee. *Contracting Co. v. Power Co.*, 195 N. C., 649, 143 S. E., 241; *Mills v. Realty Co.*, 196 N. C., 223, 145 S. E., 26."

In the instant case, after a careful consideration of the referee's report, and of the exceptions thereto filed by both the plaintiff and the defendants, and after fully reviewing all the evidence taken by the referee at the hearing of this and the other actions pending in both the State and the Federal Court against the defendants, the judge concluded that the findings of fact made by the referee and set out in his report in this and in each of the other actions, were amply supported by the evidence. In accordance with these conclusions, the judge overruled all the exceptions to the findings of fact made by the referee. He approved these findings of fact, and for the purpose of rendering his judgment in this action, he restated, in his own language, such findings of fact as he deemed pertinent to said judgment. In this, there was no error. There is no substantial difference between the facts as found by the referee, and as stated by the judge in his judgment. The action of the judge is fully supported by the authorities above cited.

Upon the findings of fact made by him, the referee concluded as a matter of law, that during the negotiations which the defendant, Willis N. Gregory, conducted with the defendant, Davison Chemical Company, for the sale of the stock in the Eastern Cotton Oil Company owned by the plaintiff, a fiduciary relation existed between plaintiff and the said Willis N. Gregory, with respect to the sale of plaintiff's stock; that by reason of such fiduciary relation, it was the duty of the defendant, Willis N. Gregory, to disclose to plaintiff the existence of any and all personal interest which he had or might have in the successful termination of such negotiations; that the failure of the said Willis N. Gregory to disclose to the plaintiff the existence of the agreement between him and the defendant, Davison Chemical Company,

as the result of which the said Davison Chemical Company paid to the defendant, Willis N. Gregory, upon the successful termination of said negotiations, for each share of stock sold by the plaintiff to the said Davison Chemical Company, the sum of $52.86 in addition to the sum of $106.00 which the said Davison Chemical Company paid to the plaintiff for such share of stock, was a breach of the duty which the defendant, Willis N. Gregory, owed to the plaintiff; and that because of this breach of duty, the plaintiff is entitled to recover of the defendant, Willis N. Gregory, the sum of $52.86, for each share of stock sold by the plaintiff to the Davison Chemical Company, the said sum having been received by the said Willis N. Gregory, and wrongfully retained by him.

Upon his findings of fact that the defendant, Davison Chemical Company, knew of the existence of the fiduciary relation between the plaintiff and the defendant, Willis N. Gregory, and with such knowledge entered into the secret agreement with the said Willis N. Gregory, as the result of which the said defendant paid to the said Willis N. Gregory the sum of $52.86 for each share of stock in the Eastern Cotton Oil Company, sold to said company by the plaintiff, the referee concluded as a matter of law that the plaintiff is entitled to recover of the defendant, Davison Chemical Company, the sum of $52.86 for each share of stock sold by the plaintiff to said company, the said sum having been wrongfully paid by the said Davison Chemical Company to the defendant, Willis N. Gregory, who with its knowledge and by its aid has failed to account to plaintiff therefor.

The foregoing conclusions of law were approved and confirmed by the judge. In accordance therewith, judgment was rendered that plaintiff recover of the defendants the sum of $3,753.06, with interest at six per cent from 6 May, 1926. Defendants contend that there is error in this judgment for that upon all the facts found by the referee, and approved by the judge, the plaintiff is not entitled to recover of the defendants, or of either of them.

For the purpose of determining the correctness of the conclusion of law made by both the referee and the judge on the facts found by them, that a fiduciary relation existed between the plaintiff and the defendant, Willis N. Gregory, with respect to the sale by the plaintiff of his stock in the Eastern Cotton Oil Company to the Davison Chemical Company, it is immaterial whether the relation between them was that of principal and agent, as suggested by the referee in his report. This is a fiduciary relation, but it is by no means the only relation which the law regards as fiduciary in its nature. And so, upon the facts found by both the referee and the judge, it is not necessary in the instant

case for this Court to decide whether the facts that the defendant, Willis N. Gregory, was the general manager, and the plaintiff was a stockholder of the Eastern Cotton Oil Company, are sufficient, in law, to constitute a fiduciary relation between them with respect to the sale of said stock. The courts generally have declined to define the term "fiduciary relation" and thereby exclude from this broad term any rela-. tion that may exist between two or more persons with respect to the rights of persons or property of either. In this, the courts have acted upon the same principle and for the same reason as that assigned for declining to define the term "fraud." The relation may exist under a variety of circumstances; it exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence. "It not only includes all legal relations, such as attorney and client, broker and principal, executor or administrator and heir, legatee or devisee, factor and principal, guardian and ward, partners, principal and agent, trustee and *cestui que trust,* but it extends to any possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side, and resulting domination and influence on the other." 25 C. J., 1119. In Pomeroy's Equity Jurisprudence, Vol. 2, sec. 956 (3d ed.), it is said: "Courts of equity have carefully refrained from defining the particular instances of fiduciary relations in such a manner that other and perhaps new cases might be excluded. It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and the duties involved in it need not be legal; it may be moral, social, domestic or merely personal."

There was no error in the conclusion of law, upon the facts established in this case, that a fiduciary relation existed between the plaintiff and the defendant, Willis N. Gregory, with respect to the sale of plaintiff's stock to the defendant, Davison Chemical Company. By reason of this relation the law imposed upon the defendant, Willis N. Gregory, the duty to make a full disclosure of all the facts and circumstances affecting the proposition of the Davison Chemical Company to buy plaintiff's stock in the Eastern Cotton Oil Company. This the defendant, Willis N. Gregory, did not do. He not only failed to advise plaintiff of the true value of his stock, this value being determined largely by what the Davison Chemical Company would pay for it, but he falsely and, we think, fraudulently concealed from the plaintiff and his fellow-stockholders the admitted fact that the Davison Chemical

SATTERFIELD *v.* ECKERD'S, INC.

Company had agreed to pay for said stock a sum of money which in fact amounted to at least the sum of $158.86 per share. The Davison Chemical Company has paid this sum per share for plaintiff's stock. Plaintiff has received of this sum only $106.00. Willis N. Gregory has received the balance, to wit: $52.86, which he wrongfully retains. In equity and good conscience, he must pay this sum to the plaintiffs, as the court has adjudged.

The defendant, Davison Chemical Company, entered into the secret agreement with Willis N. Gregory to pay to him, and pursuant to said agreement did pay to him the sum of $52.86 per share for each share of stock purchased by said company from the plaintiff, with full knowledge of the facts which constituted a fiduciary relation between the plaintiff and the said Willis N. Gregory. For this reason, the defendant, Davison Chemical Company, is liable to plaintiff for said sum of money. There is no error in the judgment that plaintiff recover of the defendants, Willis N. Gregory and Davison Chemical Company, the sum of $3,753.06, with interest at the rate of six per centum from 6 May, 1926. The judgment is

Affirmed.