HIRAM WATSON v. CHARLIE H. FULK

No. 7321DC553

(Filed 12 September 1973)

**Fiduciaries— tobacco raised by joint effort — proceeds from sale held by fiduciary — accounting required**

Where the evidence tended to show that plaintiff and defendant agreed to raise tobacco on defendant's land, sharing expenses and profits equally, plaintiff performed his obligation, defendant sold the tobacco for more than $6000.00, and defendant unilaterally determined that plaintiff was entitled to only $1065.21 as his share of the profits, defendant acted in a fiduciary capacity with respect to the plaintiff and had a duty to account to him for his actions; therefore, the trial court erred in directing verdict for defendant.

APPEAL by plaintiff from *Henderson, Judge,* 5 February 1973 Session of District Court held in FORSYTH County.

This is an action for an accounting and the recovery of any sums found to be due upon such accounting.

Plaintiff alleges in his complaint that he entered into an oral agreement with the defendant to raise tobacco upon the defendant's land with each party providing an equal share of the labor, paying one-half of the expenses, and receiving one-half of the profits from the sale of the tobacco crop. He claims that he has performed his obligations under the agreement and that the defendant has sold the crop and refused to make an accounting.

In his answer defendant admits the agreement with the plaintiff to share expenses and profits and asserts that he has

paid plaintiff his fair share of the proceeds from the sale of the tobacco.

The evidence presented by the plaintiff, in substance, tends to show the following: He and his wife and the three oldest children worked on defendant's farm assisting in raising five acres of tobacco. He furnished a tractor, helped prepare the soil, applied fertilizer, pulled the plants, set out the crop, plowed the land, pulled the tobacco, placed it in the barn, and, in general, contributed materially to the production of the tobacco crop. After the crop was harvested, the defendant sold the tobacco and has paid the plaintiff $1,065.21 as his share of the profits. Plaintiff was dissatisfied with this settlement and requested a statement of the income from the various sales and a list of the expenses incurred, but he has not been able to obtain such an account. Plaintiff used the defendant as a witness, and defendant testified that he received "better than $6,000.00" from the sale of the tobacco, and, although requested, he had not furnished to plaintiff any bills or list of expenses incurred in connection with the production of the tobacco crop.

At the close of evidence for the plaintiff, defendant moved for a directed verdict pursuant to Rule 50(a) upon the ground that plaintiff had failed to state a claim upon which relief could be granted.

The trial court allowed the motion for a directed verdict, and plaintiff appealed.

*Roberts, Frye & Booth, by Leslie G. Frye, for plaintiff appellant.*

*Wilson and Morrow, by John F. Morrow, for defendant appellee.*

BALEY, Judge.

The evidence of the plaintiff when viewed in the light most favorable to him was sufficient for submission to the jury, and the action of the trial court in granting a directed verdict for the defendant must be held as error.

There is no dispute about the fact that the parties entered into a business relationship for the purpose of raising tobacco on the defendant's land. It was agreed that each party was to furnish an equal amount of the labor and to share expenses and profits equally. Plaintiff has presented evidence from

which a jury could conclude that he had performed his part of the agreement and was entitled to one-half of the proceeds from the sale of the tobacco less his one-half portion of the expenses incurred. The evidence further disclosed that defendant had possession of and sold the tobacco after it was harvested for the sum of more than $6,000.00 and had unilaterally determined that plaintiff was entitled to only $1,065.21 as his share of the profits.

It seems clear that this is a case in which plaintiff trusted the defendant to sell the tobacco, pay any expenses incurred from the proceeds of the sale, and make proper accounting to him for his portion of the profits. He reposed confidence in the defendant who had complete control and domination of their relationship. Defendant held the one-half portion of the proceeds from the tobacco crop in trust for the plaintiff and has refused to make an accounting to the plaintiff as beneficiary.

In *Abbitt v. Gregory*, 201 N.C. 577, 160 S.E. 896, the court in holding that the general manager of a corporation stood in a fiduciary relation to the stockholders stated:

> "The courts generally have declined to define the term 'fiduciary relation' and thereby exclude from this broad term any relation that may exist between two or more persons with respect to the rights of persons or property of either. . . . The relation may exist under a variety of circumstances; it exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence. 'It not only includes all legal relations, such as attorney and client, broker and principal, executor or administrator and heir, legatee or devisee, . . . trustee and *cestui que trust*, but it extends to any possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side, and resulting domination and influence on the other.' 25 C.J., 1119."

201 N.C. at 598, 160 S.E. at 906. Later cases have reaffirmed the holding of *Abbitt. Link v. Link*, 278 N.C. 181, 192, 179 S.E. 2d 697, 704; *Vail v. Vail*, 233 N.C. 109, 114, 63 S.E. 2d 202, 206; *Bolich v. Insurance Company*, 206 N.C. 144, 152, 173 S.E. 320, 324. *See also* 5 Bogert, Trusts and Trustees 2d, §§ 481-82; Dobbs, Remedies, § 10.4, at 679-82.

Lutes v. Tobacco Co.

It seems apparent that defendant has acted in a fiduciary capacity with respect to the plaintiff and has a duty to account to him for his actions. "All fiduciaries may be compelled by appropriate proceeding to account for their handling of properties committed to their care." *Lichtenfels v. Bank,* 260 N.C. 146, 148, 132 S.E. 2d 360, 362; *accord,* Dobbs, *supra,* § 4.3, at 252-53. *See also Parker v. Brown,* 136 N.C. 280, 48 S.E. 657, for application to an agricultural tenancy.

The appropriate method for determining the exact amount which may be due the plaintiff, if anything, is to require the defendant, who is in possession of the essential information, to render an accounting.

If there is no accounting of the expenses incurred, plaintiff has shown an income of at least $6,000.00 which is sufficient to support a jury verdict in his favor for not exceeding $3,000.00.

The motion of the defendant for a directed verdict should have been overruled.

New trial.

Chief Judge BROCK and Judge BRITT concur.