MARKETPLACE ANTIQUE MALL, INC., D.G. SAMUEL, JR., INDIVIDUALLY AND D.G. SAMUEL, JR., D/B/A QUEEN STREET ANTIQUES, Plaintiffs v. STEVEN M. LEWIS, Defendant

No. COA03-562

(Filed 6 April 2004)

1. **Appeal and Error— assignments of error—record references—discussion in brief**

   Assignments of error without record or transcript references were dismissed, and assignments of error not presented or discussed in the brief were deemed abandoned.

2. **Appeal and Error— appealability—denial of judgment on pleadings—not reviewable after verdict**

   The denial of a motion for judgment on the pleadings is not reviewable on appeal where the court has rendered a final judgment after a trial on the merits.

3. **Fraud— constructive—evidence of fiduciary relationship—business partners**

   There was sufficient evidence of a fiduciary relationship to submit constructive fraud to the jury; business partners are fiduciaries as a matter of law.

**4. Appeal and Error— preservation of issues—objection to instruction—different bases at trial and in brief**

A jury instruction was not preserved for appeal where bases of the contention in the brief were not the same as bases for the objection at trial.

Appeal by plaintiffs from judgment filed 31 October 2002 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 26 February 2004.

*David B. Hough, P.A., by David B. Hough, for plaintiff-appellants.*

*Forsyth Legal Associates, by William L. Durham; and Michelle D. Reingold, for defendant-appellee.*

BRYANT, Judge.

Marketplace Antique Mall, Inc., D.G. Samuel, Jr. (Samuel), individually, and D.G. Samuel, Jr., d/b/a Queen Street Antiques (collectively plaintiffs) appeal a judgment filed 31 October 2002 dismissing plaintiffs' action with prejudice and awarding damages on defendant Steven M. Lewis' counterclaim for constructive fraud and breach of contract.[1]

With respect to his counterclaim, defendant presented evidence at trial establishing that Samuel and he had been life partners who had joined as equal partners in a business venture restoring and selling antique furniture. Defendant had some experience in this field because his family had worked in the antique business. Samuel and defendant opened and operated two stores: Queen Street Antiques and Marketplace Antique Mall. As to Marketplace Antique Mall, defendant testified and the documentary evidence showed that Samuel and defendant signed the lease for the premises "as business partners." In addition, they "filed for a partnership tax number" for the business and submitted their "income tax returns at the end of the year as partners." As to Queen Street Antiques, defendant acknowledged that, for tax purposes, the business was classified as a sole proprietorship run by Samuel. However, he explained the set up was an initial arrangement in order to expedite assignment of the tax number required to operate the business in a booth at an antique mall. Tax numbers for sole proprietorships were issued on the spot whereas a

---

1. The judgment also included a nominal damage award to defendant of $1.00 for Samuel's conversion of business assets.

partnership tax number could take up to six weeks to be issued. Defendant testified the intent was to get into the booth right away by registering as a sole proprietorship and then to "come back to the tax office and change [the classification] immediately to a partnership." The partnership tax number, however, never came into effect because Samuel did not apply for a change in classification. Defendant reminded Samuel to do this "[m]any, many times," and Samuel "said that he would but never did." When the parties' personal relationship deteriorated, Samuel took defendant's keys to the businesses and changed the locks. Defendant was no longer allowed on the business premises.

Samuel testified that although it was defendant's idea to go into business, Samuel contributed all the working capital. Samuel denied the existence of a business partnership and characterized defendant's contributions to the businesses as those of an employee. Samuel admitted defendant co-signed the lease for Marketplace Antique Mall but explained that he was simply indulging the lessor, who wanted defendant's name on the lease because he was the beneficiary under Samuel's will, and defendant, who "wanted his name on everything." Samuel stated the tax returns for Marketplace Antique Mall were filed as a partnership to allow defendant, his life partner, to use some of the business losses to offset his tax obligations. A few years after its creation, Marketplace Antique Mall was incorporated. The articles of incorporation filed with the North Carolina Secretary of State listed both Samuel and defendant as incorporators.

---

The sole issue addressed on appeal is whether defendant presented sufficient evidence of a fiduciary relationship between himself and Samuel to warrant submission of the claim of constructive fraud to the jury.

[1] At the outset we note that several of plaintiffs' assignments of error fail to comply with the North Carolina Rules of Appellate Procedure. Assignments of error one through three and eight through nine fail to provide any record or transcript references as required by Rule 10. *See* N.C.R. App. P. 10(c)(1) ("[a]n assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, *with clear and specific record or transcript references*") (emphasis added). "Rule 10 allows our appellate courts to 'fairly and expeditiously' review the assignments of error without making a 'voyage of discovery' through the record in order to determine the legal questions involved." *Rogers v.*

*Colpitts*, 129 N.C. App. 421, 422, 499 S.E.2d 789, 790 (1998) (quoting *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988)). Considering the 697 pages of testimony and trial proceedings documented in the transcript, the voluminous exhibits submitted by both parties, and the 85-page record that collectively represents the record on appeal, plaintiffs' omission of the relevant record and transcript references amounts to a substantial violation of the Rules. We thus dismiss assignments of error one through three and eight through nine. Furthermore, as assignments of error two and six are not presented and discussed in plaintiffs' brief to this Court, they are deemed abandoned. *See* N.C.R. App. P. 28(a).

**[3]** Plaintiffs argue the trial court erred in denying their motions to dismiss, for directed verdict, and for judgment notwithstanding the verdict on defendant's counterclaim for constructive fraud. Specifically, plaintiffs contend the evidence at trial failed to establish a fiduciary relationship between Samuel and defendant.[2]

" 'Constructive fraud arises where a confidential or fiduciary relationship exists, and its proof is less "exacting" than that required for actual fraud.' " *Cash v. State Farm Mut. Auto. Ins. Co.*, 137 N.C. App. 192, 206, 528 S.E.2d 372, 380 (citation omitted), *aff'd*, 353 N.C. 257, 538 S.E.2d 569 (2000) (per curiam).

> In order to show constructive fraud, a plaintiff must establish (1) facts and circumstances creating a relation of trust and confidence; (2) which surrounded the consummation of the transaction in which the defendant is alleged to have taken advantage of the relationship; and (3) the defendant sought to benefit himself in the transaction.

*Sullivan v. Mebane Packaging Grp., Inc.*, 158 N.C. App. 19, 32, 581 S.E.2d 452, 462, *disc. review denied*, 357 N.C. 511, 588 S.E.2d 473 (2003). "Where a fiduciary relationship exists between the parties, the presumption of fraud arises where the superior party obtains a possible benefit." *Id.*; *see Compton v. Kirby*, 157 N.C. App. 1, 16, 577 S.E.2d 905, 914 (2003) ("a breach of fiduciary duty amounts to constructive fraud").

---

**[2]** 2. Plaintiffs also attack defendant's pleadings as insufficient on the element of a fiduciary relationship; however, a trial court's denial of a motion for judgment on the pleadings is not reviewable on appeal where the trial court has rendered a final judgment after a trial on the merits. *Wilson v. Sutton*, 124 N.C. App. 170, 173, 476 S.E.2d 467, 469-70 (1996).

A fiduciary duty in turn " 'exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.' " *Compton*, 157 N.C. App. at 15, 577 S.E.2d at 914 (quoting *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931)). With respect to business partners, our Courts have stated:

> "It is elementary that the relationship of partners is fiduciary and imposes on them the obligation of the utmost good faith in their dealings with one another in respect to partnership affairs. Each is the confidential agent of the other, and each has a right to know all that the others know, and each is required to make full disclosure of all material facts within his knowledge in any way relating to the partnership affairs." .

*Id.* (quoting *Casey v. Grantham*, 239 N.C. 121, 124-25, 79 S.E.2d 735, 738 (1954)). Consequently, it has been held that "[b]usiness partners . . . are each other's fiduciaries as a matter of law." *Hajmm Co. v. House of Raeford Farms*, 328 N.C. 578, 588, 403 S.E.2d 483, 489 (1991); *Stamm v. Salomon*, 144 N.C. App. 672, 680, 551 S.E.2d 152, 158 (2001).

In the case *sub judice*, defendant testified he and Samuel were equal partners in the two antique furniture businesses. Defendant co-signed the lease for Marketplace Antique Mall; defendant and Samuel "filed for a partnership tax number" for the business; and they submitted their "income tax returns at the end of the year as partners." When Marketplace Antique Mall was incorporated, the articles of incorporation listed defendant as one of the two incorporators. The documentary evidence submitted at trial confirmed defendant's testimony. Defendant further testified that although Queen Street Antiques was registered as a sole proprietorship, this was done to expedite the opening of the store. Defendant and Samuel had agreed that Samuel would file for a partnership tax number for Queen Street Antiques as soon as the business became operational, but Samuel never did.

This evidence was sufficient for the jury to find that defendant and Samuel were business partners in Marketplace Antique Mall and Queen Street Antiques. Because business partners are fiduciaries as a matter of law, *Hajmm*, 328 N.C. at 588, 403 S.E.2d at 489, defendant properly presented evidence of a fiduciary relationship. Accordingly, this assignment of error is without merit.

HUTCHINSON v. NATIONWIDE MUT. FIRE INS. CO.

[163 N.C. App. 601 (2004)]

**[4]** We now turn to plaintiffs' remaining issues raised in their brief to this Court and not related to assignments of error one through three and eight through nine dismissed above. Issues one, three, and five in plaintiffs' brief relate to the submission of certain issues to the jury and the trial court's jury instructions. As a review of the transcript reveals that plaintiffs did not object to the jury instructions on the bases contended in their brief, these issues were not preserved for appeal and are therefore not properly before this Court. *See* N.C.R. App. P. 10(b)(1) ("[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make").

Affirmed.

Judges TIMMONS-GOODSON and ELMORE concur.